PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF      0 6 - 5 3 1
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District |
|---|---|
| Name (under which you were convicted): James Eaves, SBI# 306218 | Docket or Case No.: ID 0104009314, Appeal# 022,2006 |
| Place of Confinement: 1181 Paddock Road D.C.C. SMYRNA, DE, 19977 | Prisoner No.: SBI# 306218 |
| Petitioner (include the name under which you were convicted)   James Eaves | Respondent (authorized person having custody of petitioner) v. DCC Warden Thomas Carroll |
| The Attorney General of the State of Delaware   Carl C. Danberg | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
    Superior Court of the State of Delaware in and for New Castle County
    _____

    (b) Criminal docket or case number (if you know): ID 0104009314

2. (a) Date of the judgment of conviction (if you know): 3/20/02
    (b) Date of sentencing: 6/7/02

3. Length of sentence: Plea Agreement of 20yrs was Violated, Judge gave a 30yr level V Sentence

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☐   No ☒

5. Identify all crimes of which you were convicted and sentenced in this case: _____
    Murder by Abuse First Degree
    _____
    _____
    _____

6. (a) What was your plea? (Check one)

    (1)    Not guilty ☐          (3)    Nolo contendere (no contest) ☐

    (2)    Guilty ☒              (4)    Insanity plea ☐

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
    charge, what did you plead guilty to and what did you plead not guilty to? The State
    Attorney General Diane Walsh Plea Agreement was 20yrs minimum
    mandatory sentence for Plea to Murder by Abuse First De-
    gree and Nolle prosequi of charge Second Degree, the
    State Plea of 20yrs was agreed to under Super. Ct. Criminal
    Rule 11 (e) (1) (c) the Judge violated to plea by sentencing "Eaves" to

an excessive sentence of 30yrs level V

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐          Judge only ☒

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?

Yes ☐   No ☒   Defense Counsel refused to appeal after Judge Sentenced Violated the Plea.

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?     Yes ☒   No ☐

If yes, answer the following:

(1) Name of court: _Super. Ct. of Del. N.C. Co._

(2) Docket or case number (if you know): _State of DE v. EAVES ID# 0104009314_

(3) Result: _Rule 61 P.C.R. DENIED_

(4) Date of result (if you know): _12 / 28 / 05_

(5) Citation to the case (if you know): _____

(6) Grounds raised: _(Six) See Attached. Rule 61 P.C.R. Motion_
_also see pg.# 5 of this petition_

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐   No ☒

If yes, answer the following:

(1) Docket or case number (if you know): _____

Page 4

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____ _____ _____

10. Other than the direct appeals listed above, have you previously filed any other petitions,

applications, or motions concerning this judgment of conviction in any state court?

Yes ☒   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _Super. Ct. of the State of Del. in and for New Castle County_

(2) Docket or case number (if you know): _ID : 0104009314_

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _Motion For Reduction/Modification of Sentence_

(5) Grounds raised: _Plea Agreement for 20yrs. was agreed to at signing_
_Of Plea but was violated at sentencing Judge violated States_
_agreed plea of 20yrs and sentenced "EAVES" to_
_30 yrs._

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or

motion?      Yes ☐   No ☒

(7) Result: _DENIED_

(8) Date of result (if you know): _DENIED ON SEPTEMBER 4th 2002_

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _Super. Ct. of Del. New Castle Co._

(2) Docket or case number (if you know): _ID# 0104009314_

(3) Date of filing (if you know): _Date denied 12/28/05_

(4) Nature of the proceeding: _Motion under Super Ct. 35(b)_

(5) Grounds raised: _30yr. Sent, is Unconstitutional in Violation of_
_of 20yr. Plea Agreement signed under Super Ct Rule 11(e)_
_(1)(C) ←    20 yrs was the agreed sentence at the plea_
_Agreement hearing   at Sentencing Judge violated_
_the Plea Agreement Sentenced "EAVES" to 30yr. level V._

Page 5

_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐    No ☒

(7) Result: _DENIED_

(8) Date of result (if you know): _12/28/05_

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _Super. Ct. of the State of Del. New Castle, County_

(2) Docket or case number (if you know): _"State of DE. v EAVES, ID#0104009314"_

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _Motion under Super. Ct. Rule 61 Post Conviction Relief_

(5) Grounds raised: (Six): #1: Judge Violated Plea Agreement at Sentencing is abuse of discretion. #2: Ineffective assistance of Counsel for not objecting to 30 yr. Sentence. #3: D.A. Violated fulfillment of Plea discussion; ABA, Standard 3-4.2 (C). #4: Ineffective assistance of Counsel, failure to object and failed to withdrawl Plea. #5: Ineffective assistance of Counsel for allowing defendant to be coerced into signing 20 yr. Plea. #6: Ineffective assistance of Counsel for not advising defendant of his rights concerning case. "The Judge Denied the Motion Rule 61 with out using the Rules of Rule 61 + did not order State + defense Counsel to respond to it."

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐    No ☒

(7) Result: _DENIED without Judge using rules of Rule 61._

(8) Date of result (if you know): _12/28/05_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☐    No ☒
(2) Second petition:    Yes ☐    No ☒
(3) Third petition:    Yes ☒    No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Defense Counsel Robert Goff and State Attn. Gen. Diane Walsh and Judge all agreed to a 20 yr. Plea Agreement under Super. Ct. Rule 11(e)(1)(C) on 3/20/02. But at Sentencing Judge violated the plea agreement Sentenced "EAVES" to 30 yrs level V

Defense Counsel Robert Goff refused to object to the 30 yr. Sentence and refused to withdraw the plea agreement and refused to Appeal as I requested for him to do after the Judge violated Sentencing "EAVES" to 20yrs under the Plea Agreement. Forced "EAVES" to file Motion Rule 61 P.C.R. prose

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:** <u>Judge Violated Plea Agreement at Sentencing is abuse of discretion</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Date of plea 3/20/02 was agreed to sentence of 20yrs but on date of Sentencing 6/7/02 Judge gave defendant 30yrs The State and defendant on 3/20/02 agreed that a 20 yr sentence was appropriate. at signing of plea Agreement Judge had a close mind at Sentencing by violating Plea Agreement of 20 year Sentence, and gave 30 yr Sentence Violates what the State agreed upon on 3/20/02 signing of plea Agreement.

(b) If you did not exhaust your state remedies on Ground One, explain why: _I did not exhaust My state remedies because defense Counsel refused to object at sentencing and failed to withdraw the plea, and refused to Appeal when the Judge Violated the plea Agreement forced "EAVES" to file Sentence Reduction Rule 61 PCR._

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _Because Defense Counsel refused to object to the Judge violation of the plea refused to withdraw the plea and refused to Appeal + refused to Order Transcripts + refuse to advise on Rule 61_

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state: Yes.

Type of motion or petition: _Super. Ct. Crim. Rule 61 POST CONVICTION RELIEF_

Name and location of the court where the motion or petition was filed: _Superior Court of the State of Delaware in and for New Castle County. 500 N. King St. Wilm, De. 19801_

Docket or case number (if you know): _STATE OF DE v EAVES ID# 0104009314 Rule 61 P.C.R_

Date of the court's decision: _12/28/05_

Result (attach a copy of the court's opinion or order, if available): _Yes Attached_

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _SUPREME COURT OF THE STATE OF DELAWARE    ; Rule 61 POST CONVICTION R_

Docket or case number (if you know): _EAVES v. STATE OF DEL. # O22, 2006_

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Motion for Sentence Reduction, Motion under 35 (b) and Motion Rule 61 P.C.R and Rule 61 Appeal. and letter to the Office of Disciplinary Counsel about def. Counsel refuse to Order Transcripts + Appeal._

**GROUND TWO:** _Ineff. Asst. of Counsel for not objecting to 30 year Sentence._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Deft. Counsel didnt object in defense of deft. at Sentencing when state and deft. all agreed to 20 yr. Sentence. No prompt action was taken to protect the accused in Violation of A.B.A. Standards 4-3.6 and A.B.A. Standard 4-3.9 (a),(b), and Duty to Keep Client informed. And Counsel failed in advising the accused (a),(b)+(c) Standard 4-5.1 as Well as failed in Control and direction of the Case (A),(i),(ii),(iii),(iv) and (V) whether to appeal and (B) and (C) of A.B.A. Standard 4-5.2 Counsel also violated defts rights of duty to explore disposition without trial (A) + (B) Standard 4-6.1 and violated Standard 4-6.2_

_( CONTINUED ON NEXT ADDITIONAL PAGE)_

Plea discussion (A). By not informing defendant that Judge would impose a 30 yr sentence instead of 20 yr sentence that State agreed upon on 3/20/02 signing of plea. Nor did Counsel object to sentence or try to withdrawl the plea at sentencing nor did he file appeal or advise on appeal rights or advise about modification or advise about P.C.R. under Rule 61. Counsel violated A.B.A. Standard 4-7.9 post trial motions. And violated A.B.A. Standard 4-8.1 Sentencing (A)(B)+(C) by not advising defendant. Counsel also violated A.B.A. Standard 4-8.3 to advise defendant of Counsel on appeal (A)(B)(C)(D)+(E) nor did Counsel advise on A.B.A. Standard 4-8.4 Conduct of appeal (A)(B)+(C) and didn't advise defendant of A.B.A. Standard 4-8.5 post conviction remedies nor did Counsel advise defendant of A.B.A. Standard 4-8.6 challenges to the effectiveness of Counsel (A)(B)(C)+(D).

_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____
_____
_____

(c)  Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _Defense Counsel refused to Object to Judge violating 20yr. Plea Agreement didnt object to 30yr sentence refused to withdraw plea + refused to Appeal forced "EAVES" to file Rule 61 P.C.R. Motion + Appeal_

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☒   No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Rule 61 POST CONVICTION RELIEF + Rule 61 P.C.R. APPEAL_ ,

    Name and location of the court where the motion or petition was filed: _SUPERIOR COURT OF THE STATE OF DELAWARE . 500 N. KING ST. Wilm DE 19801 New Castle County_

    Docket or case number (if you know): _STE. OF DEL. V. EAVES ID# 0104009314_

    Date of the court's decision: _12/28/05_

    Result (attach a copy of the court's opinion or order, if available): _Attached_

_____
_____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐   No ☒

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☒   No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☒   No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _SUPREME COURT OF THE STATE OF DELAWARE P.O.Box 369 George Town DE 19947_

Page 9

Docket or case number (if you know): # 022, 2006

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this

issue: _____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Motion for

Sentence Reduction, Motion under Rule 35 (b), Motion

Rule 61 P.C.R. + Rule 61 Appeal. Defense Counsel

refused to object + withdraw plea + refused to Appeal.

GROUND THREE: D.A. Violated fullfillment of plea discussion, A.B.A. Standard 3-4.2 (C)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant and State agreed to a plea of 20 yr sentence level V on signing

of plea on 3/20/02, but at sentencing, D.A. didn't see to it that the 20 yr

sentence of the plea was given on sentencing date 6/7/02 by

SUPER, COURT Judge.

_____

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Defense Counsel

refused to object to the 30 yr sentence which violates the 20 yr

plea Agreement and refused to object and refused to with

draw the Plea and refused to appeal and refused to advise

on filing Rule 61 P.C.R. forced "EAVES" to file pro se Rule 61 Motion.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☒    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _SUPER. Ct. Crim. Rule 61 P.C.R MOTION_

Name and location of the court where the motion or petition was filed: _SUPER. COURT_ _New Castle County 500 N King St. Wilm. De. 19801_

Docket or case number (if you know): _ID# 0104009314_

Date of the court's decision: _12/28/05_

Result (attach a copy of the court's opinion or order, if available): _Attached_

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐    No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _SUPREME COURT OF THE STATE OF_ _DELAWARE   P.O. Box 369 Georgetown, De, 19947_

Docket or case number (if you know): _# 022, 2006_

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _Motion_ _for Sentence Reduction, Motion under 35 (b), Motion_ _Rule 61 P.C.R. + rule 61 Appeal. Def. Counsel_ _refused to object to the violation of the Plea refused_ _to withdraw the Plea, refused to order Plea + Sentencing_ _transcripts + refused to Appeal when Judge Violated_ _20 yr Plea Agreement + excessively sentence "EAVES" to 30 yrs._

Page 11

GROUND FOUR: *Ineffective Assistance of Counsel, failure to object and failed to withdrawl plea.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At sentencing Judge violated 20 yr plea agreement by sentencing defendant to 30yrs. Counsel did not object or file a motion to withdrawl plea after the agreement was violated for none agreed imposed sentence of 30yrs level V.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: *Defense Counsel refused to object + withdraw plea after Judge violated plea + refused to Appeal as requested.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Super. Ct. Rule 61 P.C.R. Motion

Name and location of the court where the motion or petition was filed: Super. Ct. N.C.Co, 500 N. King St. Wilm De. 19801

Docket or case number (if you know): ID # 0104009314

Date of the court's decision: 12/28/05

Result (attach a copy of the court's opinion or order, if available): Attached

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒  No ☐

A Continued from Page 11

pg. 11(a)

Other grounds raised on rule 61 P.C.R., + rule 61 P.C.R. Appeal.

Ground five: Ineffective assistance of Counsel for allowing deft, to be coerced into signing 20 yr, Plea.

Supporting facts: Counsel allowed Court to Sentence deft, to 30 yr., Sentence without Counsel defending his rights. Deft., feels deception of 20 yr Plea Agreement was used to Sentence him to 30 yrs, deft., and State never agreed upon Such a deal to a 30 yr. agreement.

Ground six: Ineffective assistance of Counsel for not advising deft., of his rights Concerning Case.

Supporting facts: Counsel failed to advise deft, of his legal rights to object to sentencing of 30 yrs at level V, when state agreed to Sentence of 20 yr Plea agreement. Counsel failed to get copy of Pre-Sentence investigation report and failed to advise deft, to withdrawl plea or to appeal or to file rule 61.

See attach denied order of Motion for Sentence reduction, dated 9/4/02 and copy of plea agreement of State of Del. v. Eaves ID# 0104009314 and Motion 35 (b) and Rule 61 P.C.R both denied on 12/28/05 all attached and defense Counsel Robert Goff letter dated 2/28/03 refused to Appeal + order Tran

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Supreme COURT OF THE STATE OF DE. P.O. BOX 369 GeorgeTown DE 19947_

Docket or case number (if you know): _# 022  2006_

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____
_____
_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _Motion For Sentence Reduction, Motion under 35 (b), Motion Rule 61 P.C.R + Rule 61 Appeal. And sent letter to Office of Disciplinary Counsel for defense Counsel refused to order Transcripts of Plea, and Sentencing hearing + refuse to Appeal._

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?          Yes ☒  No ❑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____
_____
_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____
_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?          Yes ❑  No ☒

Page 13

If "Yes," state the name and location of the court, the docket or case number, the type of
proceeding, the issues raised, the date of the court's decision, and the result for each petition,
application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either
state or federal, for the judgment you are challenging?    Yes ❑  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of
proceeding, and the issues raised. _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following
stages of the judgment you are challenging:

(a) At preliminary hearing: _Robert Goff  Cout appointed Attorney_

(b) At arraignment and plea: _Robert Goff def. Counsel, State and Court_
_Accepted Plea of 20 yr. under Super. Ct. Rule 11.(e)(1)(c)_

(c) At trial: _Robert Goff refused to object + withdraw_
_Plea after Judge breach of 20 yr Plea + Sentence "Eaves" to 30 yr. Level V_

(d) At sentencing: _Robert Goff refused to object and_
_refused to Appeal._

(e) On appeal: _Refused to File Appeal_
_refuse to order Transcripts of Plea + Sentencing._

(f) In any post-conviction proceeding: _Refused to Advise on Rule 61._
_Pro'se James Eaves SBI# 306268_

(g) On appeal from any ruling against you in a post-conviction proceeding: _____
_Pro'se_ _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that
you are challenging?        Yes ❑  No ☒

Page 14

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     Yes ❑   No ❑

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*  _I was awaiting the out come of the P.C.R_
_Rule 61 Appeal from the Supreme Court of the_
_State of DELAWARE under AEDPA 28 USC§2244_
_(d) (2): provides in Part " the time during which a properly_
_filed application for a State Post - Conviction or other collateral_
_review with respect to the Pertinent judgment or claim is pending_
_Shall not be counted toward any period of limitation under this_
_Subsection_

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(continued...)

Page 15

Therefore, petitioner asks that the Court grant the following relief: release from Custody "EAVES" U.S.C.A. guaranteed rights to effective assistance of Counsel and right to have a fair trial and Due Process rights were Violated when the Breach of the Plea —

or any other relief to which petitioner may be entitled.

Agreement occured and due process violations happen by the Super. Ct. Judge denial of the motions without using any of the rules the Motions are governed by no response was ordered by the _____ Court for the State

Signature of Attorney (if any)

Counsel or Defense Counsel to respond to the Allegations raised in the Rule 61 P.C.R. Motion Concerning breach of the Plea under Rule 11 (e)(1)(C)...

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on

8-28-06 _____ (month, date, year).

Executed (signed) on    8-28-06    (date).

✳ James Eaves
_____
Signature of Petitioner

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 16

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is
not signing this petition. _____ *Petitioner moves prose see*
_"conclusion" pages after this page 16 pages_
_(a) (b) (c) (d) (e) and (f)_
                    * *James Eaves*

IN FORMA PAUPERIS DECLARATION
U.S. DISTRICT COURT FOR DEL.

[Insert appropriate court]

* * * * *

## " CONCLUSION "

This record represents another example of an unfortunate lapse in orderly prosecutorial procedures, in part, no doubt, because of the enormous increase in the workload of the often understaffed prosecutor's offices. The heavy workload may well explain these episodes, but it does not excuse them. The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called "plea bargaining", is an essential component of the administration of Justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of Judges and Court facilities.

Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pre-trial confinement for those who are denied release pending trial; It protects the public from those accused persons who

(a)

(b)

are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned. See Brady v. United States, 397 U.S. 742, 751-752, 90 S.Ct. 1463, 1470-1471, 25 L.Ed.2d 747 (1970).

However, all of these considerations presuppose fairness in securing agreement between an accused and a prosecutor. It is now clear, for example, that the accused pleading guilty must be counseled, absent a waiver. Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957). Fed. Rule Crim. Proc. 11, governing pleas in federal courts, now makes clear that the sentencing judge must develop, on the record, the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge. FN1   The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way

(C)

be made known. There is, of course, no absolute right to have a guilty plea accepted. Lynch v. Overholser, 369 U.S. 705, 719, 82 S. Ct. 1063, 1072, 8 L. Ed. 2d 211 (1962); Fed. Rule Crim. Proc. 11. A court may reject a plea in exercise of sound judicial discretion.

FN1. Fed. Rule Crim. Proc. 11 provides:

'A defendant may plead not guilty, guilty or, with the consent of the Court, nolo contendere. The Court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the Court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the Court shall enter a plea of not guilty. The Court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.'

(d)

This phase of the process of Criminal justice, and the adjudicative element inherent in accepting a plea of guilty must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

On the record petitioner and state agreed to a Plea Agreement of 20 yrs for charge of Murder by Abuse first degree and nolle prosequi of charge Assault second degree see attached Plea Agreement under Super. Ct. Crim. Rule 11(e)(1)(c). The Super. Ct. Judge breached the Plea Agreement by sentencing petitioner to 30 yrs level five.

(e)

We conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotitation of pleas of guilty with be best served by remanding the case to the state Courts for further consideration. The ultimate relief to which petitioner is entitled we leave to the discretion of the state Court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the State Court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw the plea of guilty.

(f)

We emphasize that there is in no sense to question the fairness of the Sentencing Judge; the fault here rests on the Prosecutor, not on the Sentencing Judge.

Petitioner feels the Prosecutor deception in getting him to sign the Plea Agreement to 20 yrs is perjured testimony during the Plea Agreement hearing and these allegations sufficiently charge a deprivation of rights guaranteed by the Federal Constitution, and, if Proven, would entitle Petitioner "EAVES" to release from his Present Custody" Citing: Mooney v. Holohan 294 U.S. 103, 55, S.Ct. 340, 79 L.Ed. 791,

I/M _James Eaves_

SBI# 306316   UNIT 31 B-L-2

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

United States District Court

844 N King St lock box 18

Wilm, DE 19801-3570

#29

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR New Castle _____COUNTY

STATE OF DELAWARE

v.

_____James Eaves_____
Name of Movant on Indictment

_____James Carl Eaves III_____
Correct Full Name of Movant

)
)
)
)
)
)
)
)
)

No. _0104009314_

(to be supplied by Prothonotary)

In 01-04-1571- R1

FILED PROTHONOTARY 2005 JUL 27 AM 8:51

## MOTION FOR POSTCONVICTION RELIEF

A-4

## MOTION

1. County in which you were convicted New Castle

2. Judge who imposed sentence John E. Babiarz JR.

3. Date sentence was imposed June 7th 2002

4. Offense(s) for which you were sentenced and length of sentence (s):

   Murder by Abuse in the First degree

5. Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?    Yes ( )   No ( ✓ )
   If your answer is "yes," give the following information:
   Name and location of court(s) which imposed the other sentence(s):

   Date sentence(s) imposed: 6·7·02

   Length of sentence(s) 30yrs

6. What was the basis for the judgment(s) of conviction? (Check one)
   Plea of guilty ( ✓ )
   Plea of guilty without admission of guilt ("Robinson plea") ( )
   Plea of nolo contendere ( )
   Verdict of jury ( )
   Finding of judge (non-jury trial) ( )

7. Judge who accepted plea or presided at trial John E. Babiarz

8. Did you take the witness stand and testify? (Check one)
   No trial ( ✓ )   Yes ( )   No ( )

9. Did you appeal from the judgment of conviction? Yes ( )   No ( ✓ )
   If your answer is "yes," give the following information:

   Case number of appeal

   Date of court's final order or opinion

1

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes ( ) No ( )     How many? ( 2 )
If your answer is "yes," give the following information as to each:

Nature of proceeding(s) Motion for Modification of Sentence

Grounds raised Grounds Raised 9-4-02 Correction of Sentence

Grounds raised 4-17-03 illegal Sentence

Was there an evidentiary hearing? No

Case number of proceeding(s) 0604009314

Date(s) of court's final order(s) or opinion(s) 9-4-02 - 4-17-03 i

Did you appeal the result(s)? no

11. Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

At plea of guilty or trial Robert Goff

On appeal

In any postconviction proceeding

12. State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

Ground one: Judge Violated plea agreement at Sentencing is abuse of discretion
Supporting facts (state the facts briefly without citing cases):
Date of plea 3/20/02 was agreed to sentence of 20yrs but on date of
Sentencing 6/7/02 Judge gave defendent 30yrs. The state and defendet on 3/20/02
agreed that a 20yr Sentence was appropriate at signing of plea Agreement (over)
"Relief 20yr, plea Agreement."
Ground two: Ineffective Assistance of counsel for not objecting 30yr Sentence

Supporting facts (state the facts briefly without citing cases):
Defendents counsel didn't object in defense of defendent at Sentencing when
State and defendant all agreed to 20yr sentence no prompt action was taken to protect
the accused in violation of A.B.A. Standards 4-3.6 and A.B.A. Standard 4-3.9(a)(b). (over)

Ground three: D.A. Violated fullfillment of Plea disussion; A.B.A. Standard 3-4.2(c)
Supporting facts (state the facts briefly without citing cases):
Defendent and state agreed to a plea of 20yr sentence level V on Signing of plea
on 3/20/02, but at Sentencing, D.A. did'nt see to it that the 20yr Sentence
of the plea was given on Sentencing date 6/7/02 by sper court Judge.
If any of the grounds listed were not previously raised, state briefly what grounds were not raised,
and give your reason(s) for not doing so: All of the above; Deft's counsel was ineffective
assistance of counsel and did not advise deft of all his rights such as withdrawl of
plea or appeal or P.C.R. rule 61 or challenge to ineffective assistance of counsel nor did
counsel advise deft of the Robinson plea "nolo contendre" nor did counsel object Judge impose of 30yr
Sentence when State agreed to 20yr Sentence plea agreement. Counsel failed to defend deft.

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this
proceeding.

_____
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

7/18/05
_____
Date Signed

_____
Signature of Movant
(Notarization not required)

# Certificate of Service

I, _James Eaves SBI# 306218_ , hereby certify that I have served a true and correct cop(ies) of the attached: _1 original copy of P.C.R, rule 61_ _Motion and 1 copy of P.C.R-rule 61 Motion Send_ upon the following parties/person (s):

TO: _New Castle County Prothonotary_

_500 N King Street_

_Suite 500, lower level I_

_Wilmington, DE 1980l_

_____

TO: _Jane Brady D.A.G._

_820 N French Street_

_Dept of Justice_

_Wilmington, DE 19801_

_____

TO: _____

_____

_____

_____

_____

TO: _____

_____

_____

_____

_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _18_ day of _July_ , 2005

_James Eaves_

FILED PROTHONOTARY 2005 JUL 27 AM 8: 51

SUPERIOR COURT
OF THE
STATE OF DELAWARE

JOHN E. BABIARZ, JR.
JUDGE

December 28, 2005

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0658

James Eaves
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE:   *State of Delaware v. James Eaves*
      **I.D. No. 0104009314**

Dear Mr. Eaves:

You seek relief from the 30-year sentence for Murder by Abuse in the First Degree on the grounds that the plea agreement indicated a 20-year sentence. You allege that you were unaware of the maximum penalty that you received and that defense counsel was constitutionally ineffective for failing to object to the sentence.

The transcript of your guilty plea hearing shows that I reminded the attorneys that the judge is final arbiter of the appropriate sentence and also that I informed you that the maximum sentence for your crime is life imprisonment. The transcript also shows your attorney explained to you that the judge is not bound by the plea recommendation.

Your sentence of 30 years is within the statutory limit for the crime of Murder by Abuse First Degree, and your motion for postconviction is ***Denied.***

    ***It Is So ORDERED.***

                            Very truly yours,

                            Judge John Babiarz, Jr.

Original to Prothonotary
JEB.jr/ram/bjw

A-4

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JAMES EAVES                        ✳        CASE ID, NO. 0104009314
  SBI#306218
  Petitioner,                      ✳

      V.

STATE OF DELAWARE                  ✳

                                   ✳

MOTION TO ATTACK ILLEGAL SENTENCE PURSUANT
TO SUPER. CT. CRIM. Rule 35 (a), 30yr. Sent, is UnConstitutional.

On date 3-20-02 the Court, the State D.A.G. and a

Court Appointed Attorney all agreed to a plea bargain sentence

of 20 years, and had the defendant sign the plea agreement on

that same date. The violation of that plea agreement

happen on the date of Sentence 6-7-02, when the Super.

Court John E. Babiarz Sentence the defendant to 30 years

instead of the 20 years of the plea bargain agreement. The

Sentence of 30yrs, violates the Plea agreement between the

State and the defendant see "Super. Ct. Crim Rule 11 (e)(1)(c)".

A-5

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                    )
                                     )
        v.                           )          ID: 0104009314
                                     )
James Eaves                          )

## ORDER

This ___28___ day of ___Dec___, 2005, upon consideration of defendant's motion for reduction/modification of sentence, the presentence report/prior record, and the sentence imposed upon the defendant;

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion for reduction/modification of sentence is DENIED for the following reason(s):

☐ The sentence in this case was imposed pursuant to a Plea Agreement between the State and the defendant and signed by the defendant. Superior Court Criminal Rule 11(e)(1)(c).

☒ The motion was filed more than 90 days after imposition of the sentence and is, therefore, time-barred. The Court does not find the existence of any extraordinary circumstances.

☒ Pursuant to Superior Court Criminal Rule 35(b), the court will not consider repetitive requests for reduction or modification of sentence.

☐ The sentence imposed is mandatory and cannot be reduced or suspended.

☐ The sentence was imposed after a violation-of-probation hearing was held, and the Court determined the defendant had violated the terms of his probation. The defendant is not amenable to probation at this time.

☒ The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court which would warrant a reduction or modification of this sentence.

☐ Other:_____

_____

_____
                                        Judge John E. Babiarz Jr.

oc:    **Prothonotary**
pc:    **Defendant**
       **Department of Justice**
       **Presentence**

A-5

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page     1
                       ( as of  07/28/2005 )
```

State of Delaware v.  JAMES C EAVES                      DOB: 08/22/1979
State's Atty: DIANE C WALSH , Esq.           AKA: JAMES EAVES
Defense Atty: ROBERT M GOFF , Esq.                JAMES EAVES


Assigned Judge: BABIARZ JOHN E. JR.

Charges:
```
Count      DUC#         Crim.Action#    Description        Dispo.    Dispo. Date
---------------------------------------------------------------------------
 001    0104009314    IN01041571R1    MURDER BY ABUSE    PG      03/20/2002
 002    0104009314    IN01041572      ASSAULT 2ND <6     NOLP    03/20/2002
```

```
        Event
No.    Date          Event                              Judge
---------------------------------------------------------------------------
1    04/24/2001
        CASE ACCEPTED IN SUPERIOR COURT.
        ARREST DATE: 04/16/2001
        PRELIMINARY HEARING DATE:
        BAIL:
        HELD ON SECURED BAIL              1010000.00 100
        SEE BAIL CONDITIONS
2    05/10/2001
        MOTION FOR TRANSFER OF INMATE FOR HAND CASTINGS AND MEASUREMENTS.
        SEAN LUGG, ESQ.
3    05/21/2001                                HERLIHY JEROME O.
        MOTION TO TRANSFER OF INMATE FOR HAND CASTING AND MEASURMENTS GRANTED:
4    05/21/2001                                HERLIHY JEROME O.
        ORDER: HAVING HEARD AND CONSIDERED THE STATE'S MOTION FOR TRANSFER OF
        INMATE FOR HAND CASTINGS AND MEASUREMENTS; IT IS HEREBY ORDERED THIS
        21ST DAY OF MAY, 2001, THAT DEFENDANT SHALL BE TRANSPORTED BY THE
        DEPT. OF CORRECTION TO THE NEW CASTLE COUNTY POLICE HEADQUARTERS
        NO LATER THAN JUNE 11, 2001: IT IS FURTHER ORDERED THAT THE HAND
        CASTING AND MEASUREMENTS MAY BE OBTAINED FROM THE DEFENDANT AT NEW
        CASTLE COUNTY POLICE HEADQUARTERS NO LATER THAN JUNE 11, 2001; IT IS
        FURTHER ORDERED THAT DEFENDANT BE TRANSPORTED FROM NEW CASTLE COUNTY
        POLICE HEADQUARTERS TO THE CUSTODY OF THE DEPT. OF CORRECTION
        FOLLOWING THE CONCLUSION OF HAND CASTINGS AND MEASUREMENTS.
5    06/04/2001
        INDICTMENT, TRUE BILL FILED.NO 104
        CASE REVIEW AND ARRAIGNMENT 07/09/01 AT 09:00
6    06/25/2001
        SUMMONS MAILED.
        07/09/2001                            GEBELEIN RICHARD S.
        CASE REVIEW & ARRAIGNMENT CALENDAR: SET FOR FINAL CASE REVIEW.
        DATE: 082001.
7    07/23/2001
```

A-6

```
                      SUPERIOR COURT CRIMINAL DOCKET                  Page    2
                          ( as of  07/28/2005 )

State of Delaware v.  JAMES C EAVES                          DOB: 08/22/1979
State's Atty: DIANE C WALSH , Esq.          AKA: JAMES EAVES
Defense Atty: ROBERT M GOFF , Esq.               JAMES EAVES


        Event
No.    Date          Event                              Judge
-----------------------------------------------------------------------------
        MOTION TO DISMISS COUNSEL AND APPOINT NEW COUNSEL (PRO SE) FILED.
        REFERRED TO JUDGE ALFORD - OFFICE JUDGE
 8     07/23/2001
        DISCOVERY REQUEST FILED BY ROBERT GOFF, ESQ.
 9     07/23/2001
        DISCOVERY REQUEST FILED BY ROBERT GOFF, JR. ESQ.
10     07/27/2001                             ALFORD HAILE L.
        REFERRAL MEMORANDUM FILED BY JUDGE ALFORD.
11     07/31/2001
        NOTICE OF SERVICE - DISCOVERY REQUEST BY ROBERT M. GOFF, ESQ.
       08/20/2001                             CARPENTER WILLIAM C. JR.
        FINAL CASE REVIEW:  TRIAL DATE TO BE SET.
        REFERRED TO TTPEND CALENDAR FOR TRIAL DATE SELECTION.
12     09/06/2001
        TRANSCRIPT OF PRELIMINARY HEARING ON APRIL 23,2001 BEFORE THE
        HONORABLE WILLIAM C. BRADLEY
13     09/28/2001                             BABIARZ JOHN E. JR.
        LETTER/ORDER ISSUED BY JUDGE:BABIARZ
        RE:STATE OF DELAWARE V. JAMES C. EAVES
        DEAR COUNSEL:
        THIS LETTER IS TO CONFIRM SCHEDULING DATES THAT WERE ENTERED FOLLOWING
        OUR CONFERENCE OF SEPTEMBER 21, 2001 IN THE ABOVE-CAPTIONED MATTER.
        THE SCHEDULING DATES ARE AS FOLLOWS:
        DEADLINE FOR NOTICE OF MENTAL ILLNESS DEFENSE___NOVEMBER 30, 2001
        DEADLINE FOR PRE TRIAL MOTIONS_____DECEMBER 31, 2001
        TRIAL_____APRIL 2, 2002 (3 DAYS)
        VERY TRULY YOURS,
14     02/22/2002
        DEFENDANT'S LETTER FILED._REQUESTING TO SERVE LEVEL 5 TIME IN DEL
        PSYCHAITRIC CENTER.
15     03/19/2002
        SUBPOENA(S) MAILED.
16     03/20/2002                             BABIARZ JOHN E. JR.
        TRIAL CALENDER/PLEA HEARING:  PLED GUILTY/PSI ORDERED.  SENTENCINGDATE
        SET FOR   TH DAY OF , ,
19     03/20/2002
        STATE'S WITNESS SUBPOENA ISSUED.
17     03/27/2002
        SHERIFF'S COSTS FOR SUBPOENAS DELIVERED.
        (19 SUBPOENA)
18     03/28/2002
        SHERIFF'S COSTS FOR SUBPOENAS DELIVERED.
```

*18*

```
                     SUPERIOR COURT CRIMINAL DOCKET              Page    3
                        ( as of  07/28/2005 )

State of Delaware v.  JAMES C EAVES                        DOB: 08/22/1979
State's Atty: DIANE C WALSH , Esq.         AKA: JAMES EAVES
Defense Atty: ROBERT M GOFF , Esq.              JAMES EAVES

      Event
No.   Date          Event                             Judge
-----------------------------------------------------------------------------
      ARCHIE WILLIAMS,TERRY KAISER,JOHN HUMPHREY,E.PANTAGO
20    04/03/2002                                BABIARZ JOHN E. JR.
      EMAIL FILED TO: JUDGE BABIARZ FROM BRIAN WELSH, JUDICIAL STAFF
      RE: THE SENTENCING DATE IN THIS CASE IS JUNE 7, 2002 AT 1:15 PM
      WITH JUDGE BABIARZ
21    05/29/2002
      LETTER FROM: FAMILY OF VICTIM   TO: JUDGE BABIARZ
      RE: FAMILY FEELS THAT THE DEFENDANT SHOULD GET THE LIFE SENTENCE FOR
      THE CRIME THAT HE COMMITED.
      06/07/2002                                BABIARZ JOHN E. JR.
      SENTENCING CALENDAR: DEFENDANT SENTENCED.
24    06/07/2002                                BABIARZ JOHN E. JR.
      SENTENCE: ASOP ORDER SIGNED AND FILED.
22    08/19/2002                                BABIARZ JOHN E. JR.
      MOTION FOR MODIFICATION OF SENTENCE FILED.
      PRO SE REFERRED TO JUDGE BABIARZ
      REFERRED TO PRESENTENCE FOR JUDGE BABIARZ 8-31-02
23    09/05/2002                                BABIARZ JOHN E. JR.
      MOTION FOR MODIFICATION OF SENTENCE: DENIED.
25    03/11/2003
      MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
      REFERRED TO PRESENTENCE 3/13/03 FOR JUDGE BABIARZ.
26    04/14/2003
      DEFENDANT'S LETTER FILED._REQUESTING TRANSCRIPTS. RESPONDED TO 4/21/03
      AMH
27    04/17/2003                                BABIARZ JOHN E. JR.
      MOTION FOR MODIFICATION OF SENTENCE DENIED.
      OTHER: THE ONLY CHARGE YOU WERE SENTENCED ON WAS MURDER AND ABUSE.
      THERE WAS NO OTHER CHARGE.
28    04/24/2003
      MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
      REFERRED TO PRESENTENCE 4/24/03 FOR JUDGE BABIARZ.
29    07/27/2005
      MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
      REFERRED TO JUDGE BABIARZ
30    07/28/2005
      LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO DIANE WALSH, DAG
      RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
      ATTACHED: COPY OF MOTION

               *** END OF DOCKET LISTING AS OF  07/28/2005 ***
                    PRINTED BY: CSCAHAI
```

# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

**SHARON D. AGNEW**
PROTHONOTARY, NEW CASTLE COUNTY

NEW CASTLE COUNTY COURT HOUSE
500 N. KING STREET
LOWER LEVEL 1, SUITE 500
WILMINGTON, DE 19801-3746
(302) 255-0800

JUDGMENT DEPARTMENT
500 N. KING STREET
1ST FLOOR, SUITE 1500
WILMINGTON, DE 19801-3704
(302) 255-0556

TO:        Diane Walsh, Esq
           Department of Justice

FROM:      Angela M. Hairston, Criminal Deputy

DATE:      July 28, 2005

RE:        State of Delaware v James Eaves
           Case I.D.# 0104009314
           Cr.A.   IN01-04-1571R1

---

The enclosed motion for postconviction relief was filed by the defendant in the above

captioned case on July 27, 2005. The State is not required to file a response unless

ordered, pursuant to Super.Ct.Crim.R 61(c)(4) and 61 (f)(1).

Thank you very much.

cc:    file

A-6

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES EAVES
SBI# 306218, Appellant,
Defendant, Below,

&ast;

&ast; APPEAL NO. 022, 2006

v.

&ast; Court Below: Super. Ct. Of St. of

STATE OF DELAWARE

De. In and for N.C.Co., Cr. A. No.,

APPELLE, BELOW,

&ast; ID NO. 0104009314,

ON APPEAL FROM THE SUPERIOR COURT
OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

# APPELLANT'S APPENDIX

Diane Walsh
Deputy Attorney General
Department of Justice
Carvel State Building
820 N. French St.
Wilmington De. 19801

James Eaves, SBI# 306218
D.C.C.
Unit # 21 B-L-2
1181 PADDOCK RD.
Smyrna, De., 19977

Dated 3-20 06

# TRUTH-IN-SENTENCING GUILTY PLEA FORM
## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR _____ COUNTY

STATE OF DELAWARE                )    ID: _____

v.                            )

_____ )    CRA: _____

***The defendant must answer the following questions in his or her own handwriting.***

Date of Birth _____ Last grade in school completed _____

| | | |
|---|---|---|
| Have you ever been a patient in a mental hospital? | ☐ Yes | ☐ No |
| Are you under the influence of alcohol or drugs at this time? | ☐ Yes | ☐ No |
| Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement? | ☐ Yes | ☐ No |
| Have you been promised anything that is not stated in your written plea agreement? | ☐ Yes | ☐ No |
| Has your attorney, the State, or anyone threatened or forced you to enter this plea? | ☐ Yes | ☐ No |

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional right:
(1) to be **presumed innocent** until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
(2) to a **speedy and public trial**;
(3) to **trial by jury**;
(4) to **hear and question the witnesses** against you;
(5) to **present evidence** in your defense;
(6) to **testify** or not testify yourself; and,
(7) to **appeal** to a higher court?          ☐ Yes    ☐ No

| OFFENSE | STATUTORY PENALTY | | TIS GUIDELINE |
|---|---|---|---|
| | **Incarceration** | **Amount of Fine (range if applicable)** | |
| | | | |
| | | | |
| | | | |

**TOTAL CONSECUTIVE MAXIMUM PENALTY:** Incarceration: _____ Fine: _____

*NON-CITIZENS: Conviction of a criminal offense may result in deportation, exclusion from the United States, or denial of naturalization.*

| | | |
|---|---|---|
| Do you understand that, if incarcerated, you will not be eligible for parole, and the amount of early release credits which you may earn will be limited to a maximum of ninety (90) days per year? | ☐ Yes | ☐ No |
| Is there a **minimum mandatory penalty?** | ☐ Yes | ☐ No |
| If so, what is it?_____ | | |
| Is there a **mandatory revocation of driver's license or privileges** for this offense or as a result of your plea? | ☐ Yes | ☐ No |
| If so, what is the **length of revocation?** _____ years | | |
| Has anyone promised you what your sentence will be? | ☐ Yes | ☐ No |
| Were you on **probation or parole** at the time of this offense? (A guilty plea may constitute a violation.) | ☐ Yes | ☐ No |
| Do you understand that a guilty plea to a felony will cause you to **lose your right to vote, to be a juror, to hold public office**, and other **civil rights?** | ☐ Yes | ☐ No |
| Have you been advised that this is an offense which results in the loss of the **right to own or possess a deadly weapon?** | ☐ Yes | ☐ No |
| Have you been advised that this is an offense which requires **registration as a sex offender?** | ☐ Yes | ☐ No |
| Are you satisfied with your lawyer's representation of you and that your lawyer has **fully advised you of your rights** and of your guilty plea? | ☐ Yes | ☐ No |
| **Have you read and understood all the information contained in this form?** | ☐ Yes | ☐ No |

_____     _____     _____
Defense Counsel             Date               Defendant

Print name: _____        Print name: _____

Superior Court of the State of Delaware, _____ County

# PLEA AGREEMENT

State of Delaware v. _____

**Case No(s):** _____ Cr.A.#s: _____

_____

☐ Title 11 HAB. OFFENDER _____    ☐ BOOT CAMP ELIGIBLE    ☐ INELIGIBLE
☐ RULE 11(e)(1)(C) — If out of guideline, reason is as follows: _____
☐ Title 11, §4336, sex offender notification required    ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

**Defendant will plead guilty to:**

| Count | Cr.A.# | Charge | [LIO if applicable] |
|-------|--------|--------|---------------------|
| | | | |
| | | | |
| | | | |
| | | | |

Upon the sentencing of the defendant, a **nolle prosequi** is entered on ☐ the following charges/☑ all remaining charges on this indictment:

| Count | Cr.A.# | Charge |
|-------|--------|--------|
| | | |
| | | |

**Sentence Recommendation/Agreement:**    ☑ PSI    ☐ Immediate Sentencing

_____

_____

**State and Defendant agree to the following:**
☐ Restitution: _____
☐ No _____ contact w/ _____
☐ Other Conditions: _____

_____

_____

_____

DAG: _____    DEF. COUNSEL: _____
     PRINT NAME                                          PRINT NAME

_____    _____
     SIGNATURE                                         SIGNATURE

DEFENDANT: _____

Date: _____

A-1



## PUBLIC DEFENDER OF THE STATE OF DELAWARE
### ELBERT N. CARVEL STATE OFFICE BUILDING
### 820 NORTH FRENCH STREET, THIRD FLOOR
### P.O. BOX 8911
### WILMINGTON, DELAWARE 19801

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

ROBERT M. GOFF
ASSISTANT PUBLIC DEFENDER

TELEPHONE
(302) 577-5134

February 28, 2003

James Eaves
Delaware Correctional Center
Smyrna, DE 19977

        Re:  Your letter of February 17, 2003.

Dear Mr. Eaves:

        I do not have a transcript of the June 7, 2002 sentencing hearing.  It simply was not ordered.  Transcriptions cost money and are not ordered by my office without the approval of my supervisors.  Unfortunately, I am not aware of any specific reason to present to my supervisors which would justify ordering a transcript of the sentencing hearing.  As a result, I cannot send it to you.

        You are free to order such a transcript yourself at your own expense, or, you may petition the Court for a free transcript. However, the Court will not generally order free transcripts unless there is a compelling legal justification for the expense.

        I hope that this letter answers your question.

                        Very truly yours,

                        Robert M. Goff, Jr.
                        Assistant Public Defender

RMGjr:dab
cf2113133

A-2

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
)
v. ) ID: 0104009314

James C. Eaves

This _____ 4th _____ day of ____ Sept ____, 2002, upon consideration of defendant's motion for reduction/modification of sentence, the presentence report/prior record, and the sentence imposed upon the defendant;

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion for reduction/modification of sentence is DENIED for the following reason(s):

☐ The sentence in this case was imposed pursuant to a Plea Agreement between the State and the defendant and signed by the defendant. Superior Court Criminal Rule 11(e)(1)(c).

☐ The motion was filed more than 90 days after imposition of the sentence and is, therefore, time-barred. The Court does not find the existence of any extraordinary circumstances.

☐ Pursuant to Superior Court Criminal Rule 35(b), the court will not consider repetitive requests for reduction or modification of sentence.

☐ The sentence imposed is mandatory and cannot be reduced or suspended.

☐ The sentence was imposed after a violation-of-probation hearing was held, and the Court determined the defendant had violated the terms of his probation. The defendant is not amenable to probation at this time.

☒ The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court which would warrant a reduction or modification of this sentence.

☐ Other: _____

_____

_____

_____

_____
Judge John E. Babiarz

A-3

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR New Castle _____ COUNTY

| | |
|---|---|
| STATE OF DELAWARE<br>v.<br><br>_____James Eaves_____<br>Name of Movant on Indictment<br><br>_James Carl Eaves III_<br>Correct Full Name of Movant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. _0104009314_
(to be supplied by Prothonotary)

In 01-04-1571- R1

FILED
PROTHONOTARY
2005 JUL 27 AM 8:51

## MOTION FOR POSTCONVICTION RELIEF

A-4

## MOTION

1. County in which you were convicted _New Castle_

2. Judge who imposed sentence _John E. Babiarz JR._

3. Date sentence was imposed _June 7th 2002_

4. Offense(s) for which you were sentenced and length of sentence (s):

   _Murder by Abuse in the First degree_

5. Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?    Yes (   )    No ( ✓ )
   If your answer is "yes," give the following information:
   Name and location of court(s) which imposed the other sentence(s):

   Date sentence(s) imposed: _6·7·02_

   Length of sentence(s) _30 yrs_

6. What was the basis for the judgment(s) of conviction?  (Check one)
   Plea of guilty ( ✓ )
   Plea of guilty without admission of guilt ("Robinson plea")   (   )
   Plea of nolo contendere   (   )
   Verdict of jury   (   )
   Finding of judge (non-jury trial)   (   )

7. Judge who accepted plea or presided at trial _John E. Babiarz_

8. Did you take the witness stand and testify?  (Check one)
   No trial ( ✓ )    Yes (   )    No (   )

9. Did you appeal from the judgment of conviction?  Yes (   )   No ( ✓ )
   If your answer is "yes," give the following information:

   Case number of appeal _____

   Date of court's final order or opinion _____

1

10.     Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes ( ) No ( )    How many? ( 2 )
If your answer is "yes," give the following information as to each:

Nature of proceeding(s) Motion for Modification of Sentence

Grounds raised Grounds Raised 9-4-02 Correction of Sentence

Grounds raised 4-17-03 illegal Sentence

_____

_____

Was there an evidentiary hearing? No

Case number of proceeding(s) 0640093/4

Date(s) of court's final order(s) or opinion(s) 9-4-02 – 4-17-03 :

Did you appeal the result(s)? no

11.     Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

At plea of guilty or trial Robert Goff

On appeal_____

In any postconviction proceeding _____

12.     State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

Ground one: Judge Violated plea agreement at Sentencing is abuse of discretion
Supporting facts (state the facts briefly without citing cases):
Date of plea 3/20/02 Was agreed to Sentence of 20yrs but on date of

Sentencing 6/7/02 Judge gave defendant 30yrs The state and defendant on 3/20/02

agreed that a 20yr sentence was appropriate at signing of plea agreement. (over)
"Relief 20 yr, plea Agreement."

Ground two: Ineffective Assistance of counsel for not objecting 30yr sentence

Supporting facts (state the facts briefly without citing cases):
Defendant's counsel didn't object in defense of defendant at Sentencing when

State and defendant all agreed to 20yr sentence No prompt action was taken to protect

the accused in violation of A.B.A. Standards 4-3.6 and A.B.A. Standard 4-3.9(c)(b). (over)

Ground three: D.A. Violated fullfillment of Plea disussion; A.B.A. Standard 3-4.2(C)
Supporting facts (state the facts briefly without citing cases):
Defendant and State agreed to a plea of 20yr sentence level V on signing of plea

on 3/20/02, but at sentencing, D.A. didn't see to it that the 20yr sentence

of the plea was given on Sentencing date 6/7/02 by Super Court Judge.

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: All of the above; Deft's Counsel was ineffective

assistance of counsel and did not advise deft of all his rights such as withdrawl of

plea or appeal or P.C.R. rule 61 or challenge to ineffective assistance of counsel nor did

counsel advise deft of the Robinson plea "nolo contendre" nor did counsel object Judge impose of 30yr

Sentence when State agreed to 20yr sentence plea agreement. Counsel failed to defend deft.

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

7/18/05
Date Signed

_____
Signature of Movant
(Notarization not required)

## Certificate of Service

I, _James Eaves SBI# 306218_ , hereby certify that I have served a true

and correct cop(ies) of the attached: _1 original Copy of P.C.R, rule 61_

_Motion and 1 copy of P.C.R - rule 61 Motion send_ upon the following

parties/person (s):

2005 JUL 27 AM 8: 51    FILED PROTHONOTARY

TO: _New Castle County Prothonotary_      TO: _Jane Brady D.A.G._

_500 N King Street_                       _820 N French Street_

_Suite 500, lower level 1_                _Dept. of Justice_

_Wilmington, DE 1980l_                    _Wilmington, DE 1980l_

_____                       _____


TO: _____                   TO: _____

_____                       _____

_____                       _____

_____                       _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road,  Smyrna, DE
19977.

On this __18__ day of __July__ , 2005

_James Eaves_

SUPERIOR COURT
OF THE
STATE OF DELAWARE

JOHN E. BABIARZ, JR.
JUDGE

December 28, 2005

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0658

James Eaves
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

RE:   *State of Delaware v. James Eaves*
      **I.D. No. 0104009314**

Dear Mr. Eaves:

You seek relief from the 30-year sentence for Murder by Abuse in the First Degree on the grounds that the plea agreement indicated a 20-year sentence. You allege that you were unaware of the maximum penalty that you received and that defense counsel was constitutionally ineffective for failing to object to the sentence.

The transcript of your guilty plea hearing shows that I reminded the attorneys that the judge is final arbiter of the appropriate sentence and also that I informed you that the maximum sentence for your crime is life imprisonment. The transcript also shows your attorney explained to you that the judge is not bound by the plea recommendation.

Your sentence of 30 years is within the statutory limit for the crime of Murder by Abuse First Degree, and your motion for postconviction is ***Denied.***

  ***It Is So ORDERED.***

Very truly yours,

Judge John Babiarz, Jr.

Original to Prothonotary
JEB,jr/ram/bjw

A-4

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JAMES EAVES                    ✳         CASE ID. NO. 0104009314
  SBI#306218
  Petitioner,                  ✳

        V.

STATE OF DELAWARE              ✳

                               ✳

MOTION TO ATTACK ILLEGAL SENTENCE PURSUANT
TO SUPER. CT. CRIM, Rule 35 (a), 30 yr. Sent, is UnConstitutional

On date 3-20-02 the Court, the State D.A.G. and a Court Appointed Attorney all agreed to a plea bargain sentence of 20 years, and had the defendant sign the plea agreement on that same date. The violation of that plea agreement happen on the date of Sentence 6-7-02, when the Super. Court John E. Babiarz Sentence the defendant to 30 years instead of the 20 years of the plea bargain agreement. The Sentence of 30 yrs, violates the plea agreement between the State and the defendant see "Super. Ct. Crim Rule 11 (e)(1)(c)."

A-5

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )
)
v. ) ID: 0104009314
)
James Eaves )

### ORDER

This _____28_____ day of _____Dec_____, 2005, upon consideration of defendant's motion for reduction/modification of sentence, the presentence report/prior record, and the sentence imposed upon the defendant;

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion for reduction/modification of sentence is DENIED for the following reason(s):

☐ The sentence in this case was imposed pursuant to a Plea Agreement between the State and the defendant and signed by the defendant. Superior Court Criminal Rule 11(e)(1)(c).

☒ The motion was filed more than 90 days after imposition of the sentence and is, therefore, time-barred. The Court does not find the existence of any extraordinary circumstances.

☒ Pursuant to Superior Court Criminal Rule 35(b), the court will not consider repetitive requests for reduction or modification of sentence.

☐ The sentence imposed is mandatory and cannot be reduced or suspended.

☐ The sentence was imposed after a violation-of-probation hearing was held, and the Court determined the defendant had violated the terms of his probation. The defendant is not amenable to probation at this time.

☒ The sentence is appropriate for all the reasons stated at the time of sentencing. No additional information has been provided to the Court which would warrant a reduction or modification of this sentence.

☐ Other:_____

_____

_____
Judge John E. Babiarz Jr.

oc:    **Prothonotary**
pc:    **Defendant**
       **Department of Justice**
       **Presentence**

A-5

SUPERIOR COURT CRIMINAL DOCKET                Page    1
( as of  07/28/2005 )

State of Delaware v.  JAMES C EAVES                      DOB: 08/22/1979
State's Atty: DIANE C WALSH , Esq.        AKA: JAMES EAVES
Defense Atty: ROBERT M GOFF , Esq.             JAMES EAVES


Assigned Judge: BABIARZ JOHN E. JR.

Charges:
Count     DUC#       Crim.Action#    Description       Dispo.    Dispo. Date
----------------------------------------------------------------------------
 001    0104009314   IN01041571R1   MURDER BY ABUSE    PG        03/20/2002
 002    0104009314   IN01041572     ASSAULT 2ND <6     NOLP      03/20/2002

      Event
No.   Date           Event                             Judge
----------------------------------------------------------------------------
 1    04/24/2001
      CASE ACCEPTED IN SUPERIOR COURT.
      ARREST DATE: 04/16/2001
      PRELIMINARY HEARING DATE:
      BAIL:
      HELD ON SECURED BAIL            1010000.00 100
      SEE BAIL CONDITIONS
 2    05/10/2001
      MOTION FOR TRANSFER OF INMATE FOR HAND CASTINGS AND MEASUREMENTS.
      SEAN LUGG, ESQ.
 3    05/21/2001                                HERLIHY JEROME O.
      MOTION TO TRANSFER OF INMATE FOR HAND CASTING AND MEASURMENTS GRANTED:
 4    05/21/2001                                HERLIHY JEROME O.
      ORDER: HAVING HEARD AND CONSIDERED THE STATE'S MOTION FOR TRANSFER OF
      INMATE FOR HAND CASTINGS AND MEASUREMENTS; IT IS HEREBY ORDERED THIS
      21ST DAY OF MAY, 2001, THAT DEFENDANT SHALL BE TRANSPORTED BY THE
      DEPT. OF CORRECTION TO THE NEW CASTLE COUNTY POLICE HEADQUARTERS
      NO LATER THAN JUNE 11, 2001: IT IS FURTHER ORDERED THAT THE HAND
      CASTING AND MEASUREMENTS MAY BE OBTAINED FROM THE DEFENDANT AT NEW
      CASTLE COUNTY POLICE HEADQUARTERS NO LATER THAN JUNE 11, 2001; IT IS
      FURTHER ORDERED THAT DEFENDANT BE TRANSPORTED FROM NEW CASTLE COUNTY
      POLICE HEADQUARTERS TO THE CUSTODY OF THE DEPT. OF CORRECTION
      FOLLOWING THE CONCLUSION OF HAND CASTINGS AND MEASUREMENTS.
 5    06/04/2001
      INDICTMENT, TRUE BILL FILED.NO 104
      CASE REVIEW AND ARRAIGNMENT 07/09/01 AT 09:00
 6    06/25/2001
      SUMMONS MAILED.
      07/09/2001                              GEBELEIN RICHARD S.
      CASE REVIEW & ARRAIGNMENT CALENDAR: SET FOR FINAL CASE REVIEW.
      DATE: 082001.
 7    07/23/2001

A-6

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page     2
                      ( as of  07/28/2005 )

State of Delaware v.  JAMES C EAVES                    DOB: 08/22/1979
State's Atty: DIANE C WALSH , Esq.         AKA: JAMES EAVES
Defense Atty: ROBERT M GOFF , Esq.              JAMES EAVES

       Event
No.    Date          Event                          Judge
-------------------------------------------------------------------------
       MOTION TO DISMISS COUNSEL AND APPOINT NEW COUNSEL (PRO SE) FILED.
       REFERRED TO JUDGE ALFORD - OFFICE JUDGE
8      07/23/2001
       DISCOVERY REQUEST FILED BY ROBERT GOFF, ESQ.
9      07/23/2001
       DISCOVERY REQUEST FILED BY ROBERT GOFF, JR. ESQ.
10     07/27/2001                                ALFORD HAILE L.
       REFERRAL MEMORANDUM FILED BY JUDGE ALFORD.
11     07/31/2001
       NOTICE OF SERVICE - DISCOVERY REQUEST BY ROBERT M. GOFF, ESQ.
       08/20/2001                                CARPENTER WILLIAM C. JR.
       FINAL CASE REVIEW:  TRIAL DATE TO BE SET.
       REFERRED TO TTPEND CALENDAR FOR TRIAL DATE SELECTION.
12     09/06/2001
       TRANSCRIPT OF PRELIMINARY HEARING ON APRIL 23,2001 BEFORE THE
       HONORABLE WILLIAM C. BRADLEY
13     09/28/2001                                BABIARZ JOHN E. JR.
       LETTER/ORDER ISSUED BY JUDGE:BABIARZ
       RE:STATE OF DELAWARE V. JAMES C. EAVES
       DEAR COUNSEL:
       THIS LETTER IS TO CONFIRM SCHEDULING DATES THAT WERE ENTERED FOLLOWING
       OUR CONFERENCE OF SEPTEMBER 21, 2001 IN THE ABOVE-CAPTIONED MATTER.
       THE SCHEDULING DATES ARE AS FOLLOWS:
       DEADLINE FOR NOTICE OF MENTAL ILLNESS DEFENSE___NOVEMBER 30, 2001
       DEADLINE FOR PRE TRIAL MOTIONS_____ ___ _____DECEMBER 31, 2001
       TRIAL_____ ___ ___ ___ ___ ___ _____APRIL 2, 2002 (3 DAYS)
       VERY TRULY YOURS,
14     02/22/2002
       DEFENDANT'S LETTER FILED._REQUESTING TO SERVE LEVEL 5 TIME IN DEL
       PSYCHAITRIC CENTER.
15     03/19/2002
       SUBPOENA(S) MAILED.
16     03/20/2002                                BABIARZ JOHN E. JR.
       TRIAL CALENDER/PLEA HEARING:  PLED GUILTY/PSI ORDERED.  SENTENCINGDATE
       SET FOR   TH DAY OF , ,
19     03/20/2002
       STATE'S WITNESS SUBPOENA ISSUED.
17     03/27/2002
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERED.
       (19 SUBPOENA)
18     03/28/2002
       SHERIFF'S COSTS FOR SUBPOENAS DELIVERED.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                        ( as of  07/28/2005 )

State of Delaware v.  JAMES C EAVES                      DOB: 08/22/1979
State's Atty: DIANE C WALSH , Esq.          AKA: JAMES EAVES
Defense Atty: ROBERT M GOFF , Esq.               JAMES EAVES


       Event
No.   Date           Event                            Judge
-----------------------------------------------------------------------------
       ARCHIE WILLIAMS,TERRY KAISER,JOHN HUMPHREY,E.PANTAGO
20    04/03/2002                              BABIARZ JOHN E. JR.
       EMAIL FILED TO: JUDGE BABIARZ FROM BRIAN WELSH, JUDICIAL STAFF
       RE: THE SENTENCING DATE IN THIS CASE IS JUNE 7, 2002 AT 1:15 PM
       WITH JUDGE BABIARZ
21    05/29/2002
       LETTER FROM: FAMILY OF VICTIM   TO: JUDGE BABIARZ
       RE: FAMILY FEELS THAT THE DEFENDANT SHOULD GET THE LIFE SENTENCE FOR
       THE CRIME THAT HE COMMITED.
       06/07/2002                              BABIARZ JOHN E. JR.
       SENTENCING CALENDAR: DEFENDANT SENTENCED.
24    06/07/2002                              BABIARZ JOHN E. JR.
       SENTENCE: ASOP ORDER SIGNED AND FILED.
22    08/19/2002                              BABIARZ JOHN E. JR.
       MOTION FOR MODIFICATION OF SENTENCE FILED.
       PRO SE REFERRED TO JUDGE BABIARZ
       REFERRED TO PRESENTENCE FOR JUDGE BABIARZ 8-31-02
23    09/05/2002                              BABIARZ JOHN E. JR.
       MOTION FOR MODIFICATION OF SENTENCE: DENIED.
25    03/11/2003
       MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
       REFERRED TO PRESENTENCE 3/13/03 FOR JUDGE BABIARZ.
26    04/14/2003
       DEFENDANT'S LETTER FILED._REQUESTING TRANSCRIPTS. RESPONDED TO 4/21/03
       AMH
27    04/17/2003                              BABIARZ JOHN E. JR.
       MOTION FOR MODIFICATION OF SENTENCE DENIED.
       OTHER: THE ONLY CHARGE YOU WERE SENTENCED ON WAS MURDER AND ABUSE.
       THERE WAS NO OTHER CHARGE.
28    04/24/2003
       MOTION FOR MODIFICATION OF SENTENCE FILED PRO SE.
       REFERRED TO PRESENTENCE 4/24/03 FOR JUDGE BABIARZ.
29    07/27/2005
       MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
       REFERRED TO JUDGE BABIARZ
30    07/28/2005
       LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE  TO DIANE WALSH, DAG
       RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.
       ATTACHED: COPY OF MOTION


           *** END OF DOCKET LISTING AS OF  07/28/2005 ***
                  PRINTED BY: CSCAHAI
```

*19*

**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

**SHARON D. AGNEW**
PROTHONOTARY, NEW CASTLE COUNTY

NEW CASTLE COUNTY  COURT HOUSE
500  N. KING STREET
LOWER LEVEL 1, SUITE 500
WILMINGTON, DE 19801-3746
(302) 255-0800

JUDGMENT DEPARTMENT
500 N. KING STREET
1ST FLOOR, SUITE 1500
WILMINGTON, DE 19801-3704
(302) 255-0556

TO:      Diane Walsh, Esq
          Department of Justice

FROM:   Angela M. Hairston, Criminal Deputy

DATE:   July 28, 2005

RE:      State of Delaware v James Eaves
          Case I.D.# 0104009314
          Cr.A.  IN01-04-1571R1

---

The enclosed motion for postconviction relief was filed by the defendant in the above

captioned case on July 27, 2005. The State is not required to file a response unless

ordered, pursuant to Super.Ct.Crim.R 61(c)(4) and 61 (f)(1).

Thank you very much.

cc:    file

*A-6*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES EAVES
SBI# 306218 , Appellant,
Defendant, below

&times;

&times;

APPEAL NO. 022, 2006

V.

STATE OF DELAWARE
APPELLEE, Below,

&times; Court Below: Super. Ct. of Ste. of
De. In and for N.C. co., Cr. A. No.,
&times; ID# 0104009314,

ON APPEAL FROM THE SUPERIOR COURT
OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

APPELLANT'S OPENING BRIEF

Diane Walsh
Deputy Attorney General
Department of Justice
CARVEL STATE Building
820 N. French Street
Wilmington, Delaware, 19801

James, Eaves SBI# 306218
Delaware Correctional Center
Unit # 21 B-L-2
1181 Paddock Road
Smyrna, Delaware 19977

Dated: 3·20·06

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................. i

NATURE AND STAGE OF THE PROCEEDINGS ............................ ii

SUMMARY OF ARGUEMENTS    1,2,3,4,5,6,7,8,9,10,11,12,

STATEMENT OF FACTS              13,14,

ARGUEMENTS:

Whether Judge Violated Plea Agreement at Sentencing is abuse of discretion .                              15,16,

Also See Summary of Arguements pg's. 1,2,3,4   and Appendix A-1, A-4;
    P.C.R. rule 61 Ground one.

Whether Defense Counsel was ineffective assistance of Counsel for not objecting to 30 yr. sentence.      17,

Also See Summary of Arguments pg's 5,6,7,8  and A-4 P.C.R. rule 61 Ground two.

   Whether D.A. violated fulfillment of plea discussion; A.B.A. Standards, 3-4.2 (c).                              18,

See Summary of Arguement pg 9  and A-4 P.C.R. rule 61 ground three.

   Whether Counsel was Ineffective Assistance of Counsel; failure to object and failed to withdraw Plea.

See Summary of Arguement pg. 10 , and A-4 P.C.R. rule 61 Ground 4.

turn page
for Continueance of table
of
Contents.

TABLE OF AUTHORITIES                                          PAGES

Bailey v. State, 588 A.2d 1121, 1124, (Del. 1991),                    15,

Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996)                      15,

Santobello v. N.Y. 404 U.S. 257 (1971)                              3, 9,

State of Del. v. J. EAVES I.D.NO. 0104009314 ,   3,

Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674,  7, 10, 12, 13, 17,

U.S. v Benchimol, 471 U.S. 453 (1985),                             3, 9,

Wells v. State, 396 A.2d 161                                          4,

A.B.A. Standards                         4, 5, 6, 7, 8, 9, 17, 18,

Super Ct. Rule 11        11, 1, 2, 3, 4, 8, 12, 13, 16, 17, 18,

Rule 32 (d)             4,

Rule 35 (b)        11, 2, 15, 16, 17, 18,

Rule 61 P.C.R.     11, 4, 5, 6, 8, 9, 11, 12, 13, 15,

6th Amend. U.S.C.A.                                          13, 18

14th Amend. U.S.C.A.                                         13, 18

11 Del. C. § 4217                                             2,

## NATURE AND STAGE OF THE PROCEEDINGS

On 3/20/02 plea Agreement (A-1) Super. Ct. Crim. Rule 11-(e),(1),(C) was agreed to and signed by State and Defendant before a Super. Ct. Judge all agreed to Sentence of 20 yrs. for Count I Murder by Abuse first degree - IN-01-04-1571 and Nolle prosequi of Count II Assault Second IN-01-04-1572. The plea Agreement was signed by the State and Defendant before Superior Court Judge, State of Delaware v. James Eaves Case ID. NO. 0104009314 under Super. Ct. Crim. Rule 11 (e) (1) (C), Judge set sentence date for 6/7/02 upon which violation of Super. Ct. Crim. rule 11 (e) (1) (C) was violated Judge breach of the agreedment of 20 sentence of the plea agreement and sentenced "EAVES" to 30 yrs level V and 10 yrs probation doubled the time of the minimum mandatory penalty 15 yrs level V. "EAVES" Counsel didn't object, or withdrawl the plea, or order plea transcripts of plea or transcripts of Sentencing to file appeal nor did Counsel advise "EAVES" about P.C.R. rule 61 or Super. Ct. Crim. Rule 35 (b) attack of Illegal Sentence. Defense Counsel and State did not provide a Copy of the P.S.I report and no mention of EAVES mental illness which is in the Super. Ct. Docket sheet and under §408 Emotional Distress; 11§641 mitigating circumstan. Defense Counsel Simply did not defend "EAVES" with Super. Ct. Crim. Rule 11 (e) (1) (C) which the 20 yr Sentence was agreed to by the State, Court and defendant on 3/20/02 but at Sentencing was breached on 6/7/02 Court Sentenced EAVES to 30 yr level V and 10 yrs Probation, violating Super. Ct. Crim. Rule 11 (e)(1) (C). It was abuse of discretion to Sentence EAVES to 30 yr level V and 10 yrs Probation when Plea Agreement is 20 yrs, "EAVES" thought

P.1

was 15 minimum mandatory and 5 yrs Probation.
Ineffective assistance of Counsel occurred when
defense Counsel did not object or withdraw plea
or order transcripts of plea and Sentencing and
did not file Appeal or advise on P.C.R, rule 61 or
Rule 35 (b) of Super. Ct. Crim. Rules and did not secure
the P.S.I. report or Secure the 20 yr. Sentence of the Plea.

Defense Counsel letter of 2/28/03 see Appendix   A-2
Show neglect of Counsel duty at Sentencing "EAVES" told de-
fense Counsel to object to the Sentence of 30 yrs. Counsel
was asked by "EAVES" to Appeal and to order transcripts of
Plea and Sentencing and was refused and reminded Counsel
by letter to provide transcripts. Counsel letter reply's "he
does not have the transcripts of Sentencing (6/7/02) hearing
It simply was not ordered. Transcripts Costs money and are not
ordered by my office without approval of my Supervisors.

Defense Counsel refused to defend "EAVES" satisfies two part
test of Strickland v. Washington, 466, U.S. 668, 687, 104 S.Ct. 2052,
80, L.Ed.674.    "EAVES" filed P.C.R rule 61 + no reply from Court than
filed Rule 35 (b) no reply than "EAVES" filed a Complaint to the
Office of Disciplinary Counsel against the Judge and
Defense Counsel. There after Super. Ct. Judge DENIED
EAVES P.C.R. rule 61 (A-4) & Motion 35 (b) (A-5) under-
Super. Ct. Crim. Rules both on 12/28/05 unusual no
order was given to the State's Counsel or Defense
Counsel to file Affidavits to respond to "EAVES" -
allegations raised in either motion rule 61 or
rule 35 (b) See Appendix A-1, A-2, A-3, A-4 & A-5,

## Summary of Arguements

Whether Judge Violated plea agreement at Sentencing is abuse of discretion. Supporting facts: Date of plea 3/20/02 was a-greed to sentence of 20 yrs, but on date of sentencing 6/7/02 Judge gave defendant 30 yrs. The State and defend-ant on 3/20/02 agreed that a 20 year Sentence was appro--piate at signing of plea agreement. Judge had Close-mind at Sentencing by Violating plea agreement of 20 yr Sentence. A 30 yr. Sentence level V, and 10 yr. Probation Sentence was given to "EAVES" on 6/7/02. In Violation of the Plea Agreement of 3/20/02 "20 yrs, State agreed is appropriate" see A-1.

On 3/20/02 the above took place in Super. Ct. in N.C.Co., before Judge John Babiarz who agreed with the State of Delaware Deputy Attorney General Diane Walsh and Ct. appointed attorney Robert Goff that a 20 yr level im-prisonment is appropriate in exchange for a plea of guilty to Murder by Abuse in the first degree and noile prosequi of all remaining charges on the indict-ment, Assault second degree. See attached copy of plea agreement. A-1

The State may acknowledge that "any statements by the sentencing Judge in Post Sentencing proceedings that the trial Court is not bound by the provisions of De. Super. Ct, Crim. R. 11(e)(1)(C) are legally incorrect." see Super. Ct, R. 11(e)(3) States If the Court accepts the plea agree-ment, the Court shall inform the Parties either after taking the plea where immediate sentencing is Contem--plated or immediately Prior to Sentencing in Cases where

1

presentence report has been ordered it will embody in the judgment and sentence the disposition provided for in the plea agreement. Nothing stated herein precludes the Court from thereafter reducing the sentence imposed pursuant to Rule 35(b) of these Rules or 11 Del. C.§ 4217. "NO PSI report was ever given to "EAVES".

Super. Ct. Rule 11 (e)(1)(C) is based upon a corresponding provision in the Federal Rules of Criminal Procedure. The Federal rule was recently amended to clarify that while the Court retains absolute discretion whether to accept a Rule 11(e)(1)(C) Plea Agreement, such a plea agreement is binding on the Court once it is — accepted by the Court". Fed. R. Crim. P. 11(e)(1)(C); Fed. R. Crim. P. 11(e)(1)(C) advisory committee's note.

Super. Ct. Crim. Rule 11(e)(2) provides, in Part: "If the agreement is of the type specified in subdivision (e)(1)(C), the Court may accept or reject the agreement, or may defer it's decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report."

Absent fraud on the Court, a plea agreement under the rule is binding on the "Superior Court" once it is — accepted by the "Superior Court".

Defendant James Eaves SBI#306218 plea was indeed accepted by the State of Delaware which is the Superior Court on 3/20/02. See the attached plea agreement to noile prosequi Count# II Cr.A.# IN01-04-1572 Assault 2nd degree, and State and defendant Agree that a 20 year term of Imprisonment is Appropriate for Pleading guilty to Count I, Cr.A.# IN01-04-1571 Murder by Abuse in the First Degree (A-1)

The Plea Agreement of State of Del. v. JAMES EAVES, ID.NO.0104009314 dated 3/20/02 "see A-1" State, Court, defense Counsel and deft. "EAVES" all agreed to Nolle prosequi Count II Assault 2nd Degree and that the appropriate Sentence for Count I Murder by Abuse first degree is 20 yrs. The plea was offered by the State on 3/20/02 and signed by the State and the defendant on 3/20/02 in Superior Court.

"EAVES" impression of the plea was 15 minimum mandatory sentence level V and 5 yrs Probabtion, a total of 20 yrs, under Super. Ct. Rule 11(e)(1)(C). On sentence date 6/7/02 the Court Sentence "EAVES" not to 20 yrs as the Plea Agreement Agreed to, but to serve 30 yrs, level V and 10 yrs, probation (See A-1). The Sentence of 30 yrs and 10 yrs probation is "abuse of discretion" by the Court and "breach of the plea agreement of 3/20/02".

* A plea Agreement is a Contract and when it Contains a promise of a Prosecutor it must be fulfilled or relief will be granted when there has been reliance and a breach. FN24 Unless agreed to by a Prosecutor, Rule 11 does not require the Prosecutor to recommend a sentence "enthusiastically" or to explain the reasons for the recommendation. FN25 Santobello v. New York, 404 U.S. 257 (1971); Shields v. State, 374 A.2d 816 (Del. 1977) FN25. United States v. Benchimol, 471 US 453 (1985)

3

Defense Counsel refuse to Object to the breach of the Plea Agreement at Sentencing and refused to withdrawl the plea and refuse to Appeal and refuse to Order plea and Sentencing transcripts(see A-1 & A-2) Thus "EAVES" can not determine word for word what was said at the plea Agreement Hearing and at Sentencing hearing. "EAVES" is sure that the 20 yr. Plea Agreement was agreed to on 3/20/02. Was Super. Ct. Crim. Rule 11(e)(1)(c) and Super Ct. Rule 32(d) and American Bar Association Project on Minimum Standards for Criminal Justice Standards Relating to Pleas of Guilty, § 1.4 (C) were these rules followed to the letter of the law "EAVES" cannot say for sure with out defense Counsel ordering the transcripts of the Plea Agreement and Sentencing hearing see "Wells v. State of De, Cite as 396 A.2d 161" Pg. 3 paragraph 2 and page 4. Relief "EAVES" seeks is not withdrawl of the Plea Agreement of 3/20/02 "EAVES" seeks to obtain the "Agreed Plea Agreement of 3/20/02 which the State Signed and said a 20 yr. sentence is appropriate", see A-1, if this is not fulfilled "EAVES feels that he was deceived into agreeing to a Plea that was not given.

"Summary of Arguement for P.C.R.rule 61 Ground 2; see A-4 of the Appendix"

Whether defense Counsel was ineffective assistance of Counsel at Plea of guilty Sentencing of State of De, 20 yr, agreed sentence for not objecting to State of De, Sentencing Defendan- to 30 years, which violates Super.Ct, Crim. Rule 11(e)(1)(c)  (A-4,P.C.R.)"

Ground two: Ineffective Assistance of Counsel for not objecting to 30 yr sent--ence. Sup.Fts: Defendant Counsel didn't object in defense of defendant at Sentencing when State and defendant all agreed to 20 yr, sentence. No prompt action was taken to protect the accused in Violation of A.B.A. Standards 4-3.6 and A.B.A. Standard 4-3.9 (a),(b), and Duty to Keep Client informed. And Counsel failed in advising the accused (a),(b) + (c) standard 4-5.1 as well as failed in Control and direction of the case (a),(1),(11),(111),(1v) and (v) Whether to appeal and (b) and (C) of A.B.A. Standard 4-5.2, Counsel also Violated defendants rights of duty to explore disposition without trial (a) + (b) standard 4-6.1 and Violated Standard 4-6.2 plea discussion (a) by not informing defendant that Judge would impose a 30 yr. Sentence instead of 20 yr, sentence that State agreed upon on 3/20/02 Signing of plea. Nor did Counsel object to 30 yr, sentence or try to withdrawl the plea at sentencing nor did he file appeal or advise on appeal rights or advise about modification or advise about P.C.R. under rule 61. Counsel violated A.B.A. Standard 4-7.? Post trial motions. And violated A.B.A. Standard 4-8.1 Sentencing a, b, + C by not advising de-fendant. Counsel also Violated Standard 4-8.3 to advise defendant of Counsel

on appeal was a b c d e nor did Counsel advise on A.B.A. Standard 4-8.4 Conduct of appeal (a), (b), and (c) and didn't advise defendant of A.B.A. Standard 4-8.5 post Conviction remedies nor did Counsel advise defendant of A.B.A. Standard 4-8.6 challenges to the effectiveness of Counsel (a), (b), (c), and (d). See A-4 P.C.R. rule 61

Ground 2.    Super. Ct. Judge John Babiarz denied "EAVES" P.C.R. rule 61 Ground 2 without ordering Court Appointed Counsel Robert Goff to file an Affidavit to challenge "EAVES" allegations of Ineffective Assistance of Counsel, See A-4 DENIED ORDERS of Motions Rule 61 and Rule 35 (b) dated 12/28/05 See A-5 also . . . .

This violates defendants right to due Process of law under the 14th U.S.C.A. and shows no "Preliminary Consideration" under Super. Ct. rule 61 (d) (1) (2) (3) (4) or Rule 61 (e) (1) (2) or f) State's Response (1) (2) (3) or Rule 61 (g) (1) Direction for Expansion (2) Materials to be Added (3) Submission to Opponent (4) Authentication or Rule 61 (h) Evidentiary Hearing (1) Determination by Court (2) Time for Hearing, and (3) Summary Disposition  Super. Ct. Judge John Babiarz didn't honor the Super. Ct. Crim. Rule 61 P.C.R. (a) Scope Of Rule. See DENIED ORDERS of rule 61 and rule 35 (b) dated 12/28/05 Appendix A-4 A-5.

## INEFFECTIVE ASSISTANCE OF COUNSEL

A movant claiming ineffective assistance of Counsel "requires a showing that Counsel's error's were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable" and must satisfy the two part test set forth in Strickland v. Washington 466, U.S. 668, 687, 104 S.Ct. 2052, 80, L.Ed. 2d 674 (1984): "A movant claiming ineffective assistance of Counsel must demonstrate that Counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for Counsel's unprofessional errors, the result of the Proceeding would have been different." The movant must prove both Prongs of this test by a Preponderance of the evidence (See A-4, PCR rule 61)

In "EAVES" PCR rule 61 Ground 2: Ineffective Assistance of Counsel for not objecting 30 yr. Sentence. Supporting facts: Deft is Counsel didn't object in defense of defendant at sentencing when State and defendant all agreed to 20 yr. Sentence. No prompt action was taken to protect the accused in Violation of A.B.A. Standard 4-3.6 and A.B.A. Standard 4-3.9 (a)(b), and Duty to keep Client informed. And Counsel failed in advising the accused (a),(b) + (c) Standard 4-5.1 as well as failed in Control and direction of the case (a),(i),(ii),(iii),(iv),(v) whether to appeal and (b),(c), of A.B.A. Standard 4-5.2 Counsel also Violated defendant right of duty to explore disposition without trial (a) +(b) Standard 4-6.1 and Violated Standard 4-6.2 Plea discussion (a), by not informing defendant

7

that Super. Ct. Judge would impose a 40 yr. sentence instead of 20 yr. Plea Agreement Sentence of 3/20/02, see A-1 . Nor did Counsel object to 30 yrs level V & 10 yrs Probation or try to with draw at Sentencing nor did he file appeal or advise on appeal rights or advise about modification or advise about P.C.R. under rule 61 . Counsel violated A.B.A. standard 4-7.9 Post trial motions . And Violated A.B.A. standard 4-8.1 Sentencing (a) (b) (c) (d) + (e) nor did Counsel advise on A.B.A Standard 4-8.4 Conduct of appeal (a) (b) (c) and didn't advise defendant of A.B.A. standard 4-8.5 Post Conviction remedies nor did Counsel advise defendant of A.B.A. standard 4-8.6 Challenges to the effectiveness of Counsel (a) (b) (c) (d) see A-2 letter of Court appointed Counsel Robert Goff who refused to order the Transcript of Trial record and refused to Appeal the 30 yr level V & 10 yrs. Probation which Violates the 20yr., Plea Agreement Signed by the State on 3/20/02 and accepted by the Super. Ct. Judge See A-1 . Defense Counsel refused to order transcripts of the plea hearing and sentencing aborted "EAVES" rights to withdraw the plea or to appeal the Plea or to file effective rule 61 P.C.R. or motion under rule 35 (b) Super. Ct. Crim. rules . "EAVES" told Counsel to do object to withdraw the plea and to order Plea and Sentencing transcripts and to Appeal when the Judge violated rule 11 (e)(1)(c) .

8

" SUMMARY OF ARGUEMENT OF RULE 61 P.C.R. APPEAL GROUND NUMBER THREE "

✱ Whether D.A. violated fullfillment of plea discussion; A.B.A standard 3-4.2.(c).

Supporting facts: Defendant and State agreed to a plea of 20 yr sentence level V on Signing of Plea on 3/20/02, but at Sentencing, D.A. didn't see to it that 20 yr sentence of the Plea was given on Sentencing date 6/7/02 by Super. Court Judge. "( A-4, P.C.R rule 61 Ground three)"

The Breach of Plea Agreement Claim

Which Violates American Bar Associations ABA standards 3.4.2 (C) Fulfillment of Plea Discussions: (C) A prosecutor should not fail to comply with a Plea agreement, unless a defendant fails to comply with a plea agreement or other extenuating circumstances are present.

D.A. also violates Super. Ct. Crim. Rule 11 (e) (1) (C), Plea Agreement between the State and the defendant and signed by the State and the defendant See attached Plea Agreement ,"(A-1)"

A plea Agreement is a Contract and when it Contains a promise of a Prosecutor it must be fulfilled or relief will be granted when there has been reliance and a breach. [FN24] Unless agreed to by a prosecutor, Rule 11 does not require the prosecutor to recommend a sentence "enthusiastically" or to explain the reasons for the recommendation. [FN25]

FN 24. Santobello v. New York, 404 U.S. 257 (1971); Shields v State, 374, A. 2d 816 (Del. 1977) And FN25. United States v. Benchimol, 471 U.S. 453 (1985)

" SUMMARY OF ARGUMENT FOR RULE ATTACK APPEAL GROUND NUMBER 4 "

＊Whether Counsel was Ineffective Assistance of Counsel, failure to object and failed to withdrawl Plea. Supporting facts: At Sentencing Judge — violated 20 yr Plea agreement by sentencing deft. to 30 yrs, Counsel did not object or file a Motion to withdrawl plea after the — agreement was violated for none agreed imposed sentence of 30 yrs level V. "(A-4, P.C.R, rule 61 Ground four)" The above ground 4 Shows that Counsel errors were so serious as to deprive the defendant "EAVES" of a fair trial, a trial whose result is reliable satisfying the two part test of Strickland v. Washington 466, U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed. 2d. 674 (1984). "Counsel's" representation fell below an objective Standard of reasonableness, and that there is a reasonable Probability that, but for Counsel's unprofessional errors, the result of the Proceeding would have been different."

" SUMMARY OF ARGUEMENT FOR RULE 61 P.C.R, APPEAL FOR GROUND NUMBER 5 "
" (A.4. P.C.R rule 61 Ground five) "

\* Whether Counsel was Ineffective Assistance of Counsel for allowing deft. to be Coerced into Signing 20 yr, Plea. Supporting facts: Counsel - allowed Court to Sentence deft. to 30 yr sentence without Counsel defending his rights. Deft feels deception of 20 yr, Plea agreement was used to Sentence him to 30 yrs. deft. and State never agreed upon such a deal to a 30 yr agreement.

"(A.4. P.C.R. rule 61 Ground Six)"

"SUMMARY OF ARGUEMENT FOR RULE 61 P.C.R. APPEAL FOR GROUND NUMBER 6"

*Whether Counsel was Ineffective Assistance of Counsel for not advising deft of his rights concerning case. Supporting facts: Counsel failed to advise deft. of his legal rights to object to sentencing of 30 yr. at level 5, when State agreed to Sentence of 20 yr. Plea Agreement. Counsel failed to get Copy of pre-sentence investigation report and failed to advise deft to withdrawl Plea or to Appeal or to file rule 61.

Defense Counsel ineffective assistance of Counsel shown in ground Six demonstrates that "Counsel's representation fell below an objective Standard of reasonableness, and that there is a reasonable Probability that, but for Counsel's unprofessional errors the result of the Proceeding would have been different. Grounds 2, 4, 5, and 6 are a Preponderance of the evidence of ineffect--ive assistance of Counsel Satisfying Strickland v. Washington 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984)

## STATEMENT OF FACTS

State of Delaware v. James EAVES. ID.NO.0104009314 Plea Agreement was signed by State and Defendant before Super. Ct. Judge John Babiarz all agreed to 20 yr plea and nolle prosequi of Count II Assault 2nd Degree. And 20 yr Sent. for Count I Murder by Abuse 1st degree under Super. Ct. Crim. Rule 11 (e) (1) (C) conducted on 3/20/02 (And date of Sentence was set for 6/7/02.

On sentence date "EAVES" was sentenced to 30 yrs, level V and 10 yrs. probation in Violation of the 20 yr Plea Agreement which was done Under Super. Ct. Crim. Rule 11(e)(1)(C).

"EAVES" thought plea was 20 yrs; 15 level V and 5 yr. probation. Instead Super. Ct. Judge abuse of discretion for sentencing "EAVES" double the minimum mandatory penalty of 15 yrs level 5. Defense Counsel didn't object to the Sentence of 30 yrs, level V 10 yrs., probation nor did Counsel withdrawl the plea nor did Counsel get a Copy of the P.S.I. report nor did Counsel file Appeal nor did Counsel order transcripts of Plea and Sentencing hearing which shows Counsel violates "EAVES" sixth Admendment right to a fair trial and his right to have effective assistance of Counsel and Violates "EAVES" fourteenth Amendment right to due process and Violates the Plea Agreement under Super. Ct. Crim. Rule 11 (e)(1)(C) and A.B.A. 3-4.2 (c).

"EAVES" filed a Motion to reduce his Sentence on 9/4/02 (#3) Super. Ct. DENIED it And refuses to check the box under Super. Ct. Rule 11 (e) (1) (C) which the 20 yr. sentence was agreed to under that rule Super. Ct. Crim. Rule 11 (e)(1)(C).

3

/4

"EAVES" then filed P.C.R. rule 61 which was filed (A-4) on 7/18/05 Super. Ct. never order the State of De. Counsel or defense Counsel to respond to the Six Grounds raised.

"Eaves" than filed a Motion Super. Ct. Crim. Rule 35(b) (A-5) to attack Illegal Sentence. "EAVES" heard no response from Super. Ct. about the Rule 61 or Rule 35 (b) until he filed a Complaint about the defense Counsel and the Super. Ct. to Disciplinary of Counsel. There after Super. Ct. DENIED "EAVES" rule 61 P.C.R. with out ordering a Affidavit from Defense Counsel to Challenge "EAVES" allegations of Ineffective assistance of Counsel and Judge abuse of discretion and D.A. all three Violated a Signed plea Agreement to sentence "EAVES" to 20 yrs. Defense Counsel didnt object or withdraw plea or order transcripts of Plea and sentencing to Appeal nor did he advise on filing rule 61 P.C.R. or Motion rule 35 (b) to Challenge Illegal sentence Super. Ct. DENIED rule 61 and rule 35 (b) on 12/28/05.

"EAVES" request consolidation of both DENIED motions in this Appeal as both Violates Super. Ct. Crim Rule Plea Agreement under rule 11 (e) (1) (C) . . . .

Appeal and Motion to Compell Super. Ct. to provide all parties with Transcripts of plea Agreement and Sentencing hearing was filed on 1/5/06 by "EAVES".

ARGUEMENTS

Whether Super. Ct. Judge violated plea Agreement at Sentencing is abuse of discretion. Which "EAVES" raised on P.C.R. rule 61 and Super. Ct. rule 35 (b) both were denied on 12/28/05 with out the Judge ordering the State's Counsel to respond or order defense Counsel to file an Affidavit to challenge "EAVES" allegations of ineffective assistance of counsel is also abuse of discretion.

Standard of Scope of Review, in reviewing the Super. Ct. Judge denied orders of P.C.R rule 61 and motion rule 35 (b) Attack of Illegal Sentencing. The Supr. Ct. of Del, Standard of Review is Abuse of Discretion. See Dawson v. State, 673, A.2d 1186, 1190 (Del. 1996). Nonetheless, questions of law are reviewed denovo. See Dawson, 673 A.2d at 1190; Bailey v. State, 588, A.2d 1121, 1124 (Del, 1991). Arguements, "EAVES", Super. Court, State's Counsel, and Defense Counsel all agreed to 20 yr, Plea Agreement under Super. Ct. Crim. Rule 11 (e)(1)(c) on 3/20/02 for Count I Murder by Abuse 1st degree IN-01-04-1511, the State signed the Plea stating a 20 yr. sentence is "appropriate" and "Nolle prosequi of Count II Assault 2nd degree IN 01-04-1572". Super. Ct. accepted the Plea Agreement set date for Sentence on 6/7/02, when Super. Court violated the plea agreement abused it's discretion by Sentencing "EAVES" not to 20 yrs that Court and State agreed to on the Plea, Super. Ct. sentenced "EAVES" to 30 yrs, level V & 10 yrs, Probation, twice the Sentence of the 20 yr Plea Agreement of 3/20/02. See A-1 of appendix. "EAVES" understanding of the 20 yr, agreed Plea was 20 yrs, 15 minimum mandatory and 5 yrs, Probation. "EAVES" feels deceived and mislead into signing the Plea for 20 yrs but received 30 yrs level V and 10 yrs Probation.

15

which violates the 3/20/02 plea Agreement under Super. Ct. Crim. Rule 11(e)(1)(c). Errors of law are reviewed denovo. Super. Ct. Crim. Rule 11(e)(2) provides in part "If the agreement is of the type specified in Subdivision rule 11(e)(1)(c), the Court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence report."

Absent fraud on the Court, a Plea Agreement under the rule is binding on the Superior Court once it is accepted by the Superior Court. See A-1 Super. Ct. accepted the 20 yr Plea Agreement and set sentencing on 6/7/02. Super. Ct. Crim. Rule 11(e)(1)(c) is based upon a corresponding provision in the Federal Rules of Criminal Procedure. The Federal rule was recently amended to clarify that while the Court retains absolute discretion whether to accept a Rule 11(e)(1)(c) Plea Agreement, " such a plea agreement is binding on the Court once it is accepted by the Court." Fed. R. Crim. P. 11(e)(1)(c). The State may acknowledge that "any statements by the Sentencing Judge in the Post-Sentencing proceedings that the trial Court is not bound by the provisions of Delaware Super. Ct. Crim. Rule 11(e)(1)(c) are legally incorrect" * Super. Ct. Crim. Rule 11(e)(3) states: If the Court accepts the plea agreement, the Court shall inform the Parties either after taking the plea where immediate Sentencing is Contemplated or immediately Prior to Sentencing in cases where a Presentence report has been ordered that it will embody in the judgment and Sentence the disposition Provided for in the Plea Agreement. Nothing stated herein Precludes the Court from thereafter reducing the Sentence imposed pursuant to Rule 35(b) of these rules or 11 Del. C. § 4217.

ARGUEMENTS

Whether Defense Counsel was ineffective assistance of Counsel for not objecting to 30 yr. sentence . Standard of Review . Two part test of Strickland v. Washington 466, US, 668, 687, 104, S.Ct, 2052, 80, L.Ed 2d 674 (1984) "A movant claiming ineffective assistance of Counsel must demonstrate that Counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for Counsel's unprofessional errors, the result of the proceedings would have been different". The movant must prove both prongs of the tests by a preponderance of the evidence . "EAVES" evidence of ineffective assistance of Counsel are the facts that defense Counsel did not object to the Court sentencing "EAVES" to 30 yrs, level V & 10 yrs. Probation instead of the 20 yrs. sentence of the Plea Agreement under Super. Ct. Rule 11(e)(1)(c) signed on 3/20/02, see A-1 of appendix.

Defense Counsel didn't object, or withdraw or Appeal or advise on filing a P.C.R. rule 61 or advise on filing a motion rule 35(b) Concerning the Super. Ct. violating the Plea Agreement under Super. Ct. rule 11(e)(1)(c) . "EAVES" told Counsel to object and to appeal the 30 yrs level V & 10 yr. Probation sentence and defense Counsel was told by "EAVES" to order transcripts of plea agreement hearing dated 3/20/02 and transcript of Sentencing dated 6/7/02 of "Ste. of Del. v. EAVES ID NO. 010-4009314". Defense Counsel refused to do what Mr. "EAVES" told defense Counsel to do demonstrates his ineffective assistance of Counsel. See A-2 defense Counsel attitude concerning his refusing to order transcripts, violates lawyer Client Confidentiality and ABA Standards and 6th and 14th USCA.

17

See Appendix A-4 "EAVES" motion for P.C.R rule 61 grounds 2,4,5,6, demonstrates defense Counsel's dereliction of duty and ineffective assistance of Counsel. Other Arguements, "Whether State's D.A., violated fulfillment of Plea discussion; A.B.A standard 3-4.2(C). See A-4, P.C.R rule 61 Ground three, see A-1 Plea Agreement of Ste. of Del. V. JAMES EAVES ID.NO.0104009314 page 1 of 1 dated 3/20/02. The Court, State, defense Counsel and defendant "Mr. EAVES" all agreed to the Plea, A-1; Under Super. Ct. rule 11 (e)(1)(C). See A.B.A. standards 3-4.2(C) "A prosecutor should not fail to Comply with a Plea Agreement, unless a defendant fails to Comply with a plea Agreement or other extenuat--ing Circumstances are Present". " CONCLUSION" Whether Super. Ct. Judge Abused his Discretion by DENIED ORDERS OF "EAVES" motions under Super. Ct. rule 61 P.C.R and rule 35 (b) See A-4, A-5 of Appendix. Extraordinary Circumstances are present, due to defense Counsel refused to defend "EAVES" at plea of guilty 20 yr Plea Agreed Sentencing. Counsel did'nt object to the 30 yr. level V and 10 years Probation that Super. Ct. Judge imposed upon "Mr. EAVES" in violation of the 20 yr Plea Agreement under Super. Ct. rule 11 (e)(1)(C) signed on 3/20/02 Defense Counsel was told to object at Sentencing to withdraw and appeal the 30 yr. + 10 yr. Probation Sentence and to order Plea Agreement hearing and Sentencing transcripts Defense Counsel refused to do those legal things to Protect "Mr. EAVES" rights to a fair trial and rights to due Process and shows manifest injustice

18

has been done to "Mr. EAVES" in the course of not only the Plea of Guilty Agreement but also the process of Counsel for the defendant not objecting and not withdrawing the plea once the Super. Ct. breach of the plea agreement happened "EAVES" told Counsel to object, withdrawl and to Appeal and order transcripts of plea and sentencing. Counsel refused and did not mention "EAVES" mental illness or plea of guilty under 11 § 641 Emotional Distress as a defense nor did defense Counsel argue mitigating or aggravating factors in defense of "Mr. EAVES" nor did defense Counsel secure the P.S.I. report, or show forth witnesses from D.C.C. medical department whom care "Mr. EAVES" was under. All these unprofess- ional errors of Defense Counsel. And Super. Ct. Judge did not honor Super. Ct. rule 11 (e)(1)(c) or modification each time the Super. Ct. Judge denied Sentence reduction Motion on the DENIED ORDER sheet the Judge Skips right over the check box which mentions Super. Ct. Crim. Rule 11 (e)(1)(c) which the Judge Suppresses the evidence facts that the sentence

given violates the plea Agreement, the Judge abuse of Discretion in how the Judge Denied "EAVES" rule 61 P.C.R. and Motion 35 (b) both 12/28/05 See A-4, A-5, with no respect for the rules of law between the Judge Abuse of discretion and defense Counsel ineffect-ive assistance of Counsel "Mr. EAVES" rights to object Appeal withdraw the plea were all aborted by defense Counsel. And "Mr. EAVES" was left to fend legally for his self and ignorant to the rules of the procedure of laws and suffering from mental illness was taken advantage of by the defense Counsel and the Super. Ct. Judge when the State shows they agreed to a 20 yr. Plea Agreement which is the only fair relief "Mr. EAVES" seeks is the 20 yrs. of that Plea Agreement of 3/20/02 which to "Mr. EAVES" is 15 year minimum mandatory and 5 yrs. Probation which is a total of 20 yrs which "Mr. EAVES" feels will fulfill the plea Agreement and will Correct the manifest injustice done to him thus far.

20

IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES EAVES,                        )
                                    )
    Defendant-Below,           )
    Appellant                  )
                                    )
    v.                         )     No. 22, 2006
                                    )
STATE OF DELAWARE,                  )
                                    )
    Plaintiff-Below,           )
    Appellee                   )


ON APPEAL FROM THE SUPERIOR COURT
OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY


APPENDIX TO
STATE'S ANSWERING BRIEF


Loren C. Meyers
Chief of Appeals Division
Department of Justice
State Office Building
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
I.D. #2210

DATE: April 26, 2006

**TABLE OF CONTENTS**

PAGE

Arrest Warrant and Complaint...................................B1

Preliminary Hearing
     Arthur Lee..............................................B7

Indictment....................................................B33

Guilty Plea Form..............................................B34

Plea Agreement................................................B35

Plea Colloquy.................................................B36

Sentence Order...............................................B39

Post-Conviction Motion.......................................B43

Letter Order (Dec. 28, 2005).................................B49

Adult
Complaint and Warrant
In the Justice of the Peace Court
In and for the State of Delaware
State of Delaware vs JAMES C EAVES 3

I, ARTHUR R LEE (02338), of NEW CASTLE COUNTY PD do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the law of the state of Delaware by committing criminal acts in New Castle county on or about the date(s) and at or about the location(s) as indicated in Exhibit A hereto attached and made a part hereof.

WHEREFORE, your affiant prays that the above named accused may be forthwith approached and held to answer to this complaint consisting of 2 charges, and to be further dealt with as the law directs

_____
Affiant

SWORN TO and subscribed before me this 16 day of April 2001

_____
Judge/Master/Commissioner/Court Official

======================================================================
(To be completed by Judge/Master/Commissioner/Court Official)
Jurisdiction resides in Family Court because: (Check and complete as required)
A._____ The crime was committed by a child
B._____ A misdemeanor was committed against a child
C._____ A misdemeanor was committed by one family member against
         another family member
D._____ Other. Explain _____

======================================================================
WARRANT

TO ANY CONSTABLE or other authorized person:

WHEREAS, the foregoing complaint consisting of 2 charges, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to, and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take JAMES C EAVES 3 accused, and bring same before

**JUSTICE OF THE PEACE COURT 20, FORTHWITH, to answer said charges**

GIVEN UNDER MY HAND, this 16 day of April A.D., 2001

_____
Judge/Master/Commissioner/Court Official

Warrant executed by _Det. A. _____ (Name/Agency) on
_16th_ day of _April_____, _2001_.
Police Complaint No 3201038375    WR:3201003022:WR

B    01

Exhibit A

State of Delaware vs JAMES C EAVES 3

-------------------------------------------------------------------

Court Case: 0104009314

-------------------------------------------------------------------

Complaint Number: 3201038375    Arrest Number: 079389    Charge Sequence: 001
Charge: MURDER BY ABUSE OR NEGLECT FIRST DEGREE RECKLESSLY CAUSE DEATH OF CHILD
In Violation of: 11-DE-0634-00a1-F-A
Location of Violation: 204 DEWEY CT STONEYBROOK Claymont 19703    N 01-04-1571
  TO WIT: JAMES  C  EAVES  3, on or about the 15th day of April, 2001,  in  the
       County  of  New Castle, State of Delaware, did recklessly  cause  the
       death  of ELIJAH DENZEL JOHNSON, a child, through an act of abuse  by
       striking the said child.


Complaint Number: 3201038375    Arrest Number: 079389    Charge Sequence: 002
Charge: ASSAULT 2ND DEGREE >18 YEARS RECKLESS OR INTENTIONAL PHYSICAL INJURY TO
In Violation of: 11-DE-0612-0a10-F-D
Location of Violation: 204 DEWEY CT STONEYBROOK Claymont 19703    1572
  TO WIT: JAMES  C  EAVES  3, on or about the 15th day of April, 2001,  in  the
       County  of  New Castle, State of Delaware, did recklessly  or
       intentionally cause serious physical injury to Lance Leatherberry b/m
       2 yoa dob: 6/1/98 who has not yet reached the age of 6 years.

B    02

Exhibit B
Affidavit of Probable Cause

State of Delaware vs JAMES C EAVES 3
Also known as:
Date of birth: 08/22/1979        Sex: M
Eyes: BRO        Hair: BLK        Height: 601
Accused's home add: 305 EARHART COURT
                              :
                              : CLAYMONT, DE 19703

Accused's Home Ph : 3027922486

Accused's employer: LEVIT FURNITURE
                              : NAMMANS ROAD
                              :

Accused's Emp Pho: 3027989031
Accused's Work Hr:

Police Complaint: 3201038375
SBI Number: 00306218
Race: B        Accused's age: 21
Weight: 175
Social Security Number 222609043
Driver's License -

Name, Home and Work Addresses, and
Telephone Numbers of Next of Kin
or Parent/Guardian
: ELLA HARRIS
: 407 W. 24TH ST
:
            : WILM, DE
Phone: 3026584504
Work :
            :
            :
            :

Relation: Vict to accused:

Victim's Age :
Victim's D.O.B. :
Date(s) and time(s) of offense: 04/15/2001 01:00 thru 04/15/2001 08:09
Location where offense occurred: 204 DEWEY CT STONEYBROOK Claymont 19703

Your affiant ARTHUR R LEE can truly state that:
1. YOUR AFFIANT IS A SWORN POLICE OFFICER AND IS CURRENTLY ASSIGNED TO THE
   CRIMINAL INVESTIGATION UNIT, FAMILY SERVICES DIVISION.
2. ON 4/15/01, NEW CASTLE COUNTY POLICE RESPONDED TO #204 DEWEY COURT,
   STONEYBROOK, CLAYMONT, DE 19703, REFERENCE AN UNRESPONSIVE CHILD.
3. UPON ARRIVAL NCCPD OBSERVED THE VICTIM, ELIJAH D. JOHNSON B/M 2 YOA,
   DOB: 4/6/99, IN AN UPSTAIRS BEDROOM UNRESPONSIVE AND NOT BREATHING.
4. NCC PARAMEDICS RESPONDED TO THE SCENE OF 204 DEWEY CT, CLAYMONT, DE AND
   THE VICTIM, ELIJAH JOHNSON, WAS PRONOUNCED DEAD ON 4/15/01 0825 HOURS BY
   A WILMINGTON EMERGENCY ROOM DOCTOR.
5. ON 4/15/01, AN AUTOPSY WAS CONDUCTED BY THE MEDICAL EXAMINER'S OFFICE
   WHICH CONCLUDED THE VICTIM BLEED TO DEATH FROM INJURIES SUSTAINED TO THE
   UPPER TORSO AREA.
6. ON 4/15/01, YOUR AFFIANT CONDUCTED AN INTERVIEW WITH THE DEFENDANT,
   JAMES C. EAVES B/M DOB: 8/22/79, WHO IS THE BOYFRIEND OF THE VICTIMS'
   MOTHER AND WAS BABYSITTING BOTH VICTIMS ON 4/15/01.
7. THE DEFENDANT CONFESSED TO REPEATEDLY STRIKING THE VICTIM, ELIJAH, ABOUT
   THE UPPER TORSO AREA.
8. THE DEFENDANT FURTHER CONFESSED TO STRIKING THE VICTIM, LANCE
   LEATHERBERRY, ABOUT THE CHEST AREA.
9. ON 4/15/01, THE VICTIM, LANCE LEATHERBERRY B/M 2YOA DOB: ~~~~~~~ #204
   DEWEY CT, STONEYBROOK, CLAYMONT, DE WAS LATER FOUND TO HAVE INJURIES TO
   HIS MOUTH AND CHEST AREA.  THE VICTIM, LANCE WAS TREATED AT WILMINGTON
   EMERGENCY ROOM FOR MINOR INJURIES TO MOUTH AND CHEST AREA.
10. THE DEFENDANT STATED HE ASSAULTED BOTH VICTIMS, BECAUSE THEY WOULD NOT

_____
(Affiant)

(Judge-Master-Commissioner-Court Official)
Sworn to and subscribed before me
this 16th day of April, 2001

B    03

Exhibit B

Statement of Probable Cause (Continued)

State of Delaware vs JAMES C EAVES 3

STOP CRYING.
11. YOUR AFFIANT PRAYS THAT AN ARREST WARRANT BE ISSUED FOR THE ABOVE
    DEFENDANT TO BRING SAME BEFORE JUSTICE.

===============================================================================

Affiant:
ARTHUR R LEE NEW CASTLE COUNTY PD Phone 0 Work 0

Victims:
ELIJAH DENZEL JOHNSON
ELIJAH DENZEL JOHNSON
ELIJAH DENZEL JOHNSON
LANCE LEATHERBERRY

_____
                  Affiant

Sworn and subscribed before me this 16 day of April A.D.,

_____
Judge/Master/Commissioner/Court Official

B    04

#012

# IN THE COURT OF COMMON PLEAS

# FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | Preliminary Hearing – April 23, 2001 |
| v. | ) | |
| | ) | |
| JAMES C. EAVES, | ) | Superior Court ID No. 0104009314 |
| | ) | |
| Defendant. | ) | |

BEFORE:

## HONORABLE WILLIAM C. BRADLEY

APPEARANCES:

### DIANE M. COFFEY WALSH, ESQ.
for the State

### ROBERT M. GOFF, JR., ESQ.
for the Defendant

FILED
PROTHONOTARY
'01 SEP -6 AM :27

## TRANSCRIPT OF PRELIMINARY HEARING

# ORIGINAL

2

## INDEX TO TESTIMONY

**STATE'S EVIDENCE**                          <u>Direct</u>  <u>Cross</u>

**Detective Arthur R. Lee.** . . . . . . . . . . . . . . . .    3        15

- - - - -

3

MS. WALSH:     The State calls Detective Art Lee.

### STATE'S EVIDENCE

### DETECTIVE ARTHUR R. LEE

DETECTIVE ARTHUR R. LEE, having been duly sworn

according to law, was examined and testified as follows:

### DIRECT EXAMINATION

BY MS. WALSH:

Q.     Good morning, Detective Lee.

A.     Good morning.

Q.     Who do you work for?

A.     New Castle County Police Department.

Q.     In what capacity?

A.     I work in the Criminal Investigation Unit, Family Services

Division.

Q.     Were you so working on April 15th of this year?

A.     Yes, correct.

Q.     On that date, did you cause to have arrested one, James

Eaves?

A.     Yes, I did.

Lee - direct                                      4

Q.    And do you see him in the courtroom today?

A.    Yes.  He's sitting at the defendant's table with the orange

overalls, coveralls, black male.

Q.    Would you please tell us what led to the arrest of Mr. Eaves?

A.    On April 15th, 2001, New Castle County Police Department

responded to 204 Dewey Court.  Upon arrival...

Q.    Excuse me for one moment.

A.    Yes.

Q.    Is that in New Castle County?

A.    Yes, it's in New Castle County, in the State of Delaware.

Q.    Please continue.

A.    Once they arrived, they found a, the victim, two-year-old

Elijah, Elijah Johnson, unresponsive and not breathing.

Q.    And who is they that found --

A.    That's --

Q.    -- him unresponsive?

A.    -- New Castle County Police Department.

Subsequently, the, the child was pronounced dead at

approximately 0825 hours on 4/15.

Lee - direct                                          5

Q.    And when were you called?

A.    I was called within, within that hour's time on 4/15/2001,
actually at approximately 9:00 a.m., and I responded to that location to
conduct an investigation for -- a death investigation.

Q.    Now, after the child was pronounced dead, did you, in fact,
conduct an investigation once you were called?

A.    Yes, I did.

Q.    And please tell the Court what part of your investigation led
to the arrest of James Eaves.

A.    In the course of my investigation, we had a, an autopsy done
at the Medical Examiner's Office, at which time the Medical Examiner
determined the cause of death to be a homicide by internal bleeding caused
by an assault to the, the victim's body.

Q.    And, detective, internal bleeding from where specifically?

A.    Internal bleeding from the abdominal area.

Q.    Please continue.

A.    At that, at that time, we, we determined a timeline, and the
defendant, James Eaves, was one of the subjects that was left with the child
that, the, the night prior to the incident.

Lee - direct                                6

Q.    And that would be April 14th?

A.    That would be April 14th, 2001.

Q.    And what, did you determine whether he was with the children, or with the child that evening?

A.    Yes.  We determined through interviews that he was with the children, that the, the children, both kids were in good condition prior...

Q.    Excuse me, detective --

A.    Yes.

Q.    -- you mentioned two children.  Would you please tell the Court which is the other child to whom you're referring?

A.    The second victim is a Lance Leatherberry, date of birth 6/1 of '98 --

Q.    How old --

A.    -- resides at the same address of 204 Dewey Court.

Q.    -- how old is Lance Leatherberry?

A.    Lance is currently two years old.

Q.    How old was Elijah Johnson?

A.    Elijah was also two years old.

Q.    What was his date of birth, please?

Lee - direct                                                7

A.     Elijah's date of birth was 4/6 of '99.

Q.     Meaning he had just turned two years old?

A.     Yes, he had just turned two.

Q.     Please continue.

A.     We, we then determined that both victims were in good health prior to the mother departing the residence. However, when she returned, there was some type of incident that took place where one child had, had a tooth knocked out of his mouth. And it was determined that Mr. Re, Eaves, the defendant, was in charge of babysitting the kids during that time frame. So we...

Q.     Let me stop you for a minute.

A.     Uh-huh.

Q.     You said one child had a tooth knocked out, which child was that?

A.     That's Lance Leatherberry.

Q.     Did that child have any other injuries to him?

A.     No, not, no, not at the time. We couldn't tell.

Q.     Couldn't tell at the time?

A.     Exactly.

Lee - direct                                    8

Q.      Okay.  Now, you said when the mother left, would you please
be more specific for the Court as to when and what date the mother left the
children in the care of Mr. Eaves?

A.      Yes.  The, the mother left at approximately 10:00 p.m. on
4/15/2001, and she was gone for approximately twenty minutes or so.

Q.      When she left the residence, were there any noticeable
injuries to either child?

A.      There were no noticeable injuries to the, either child, either
victim.

Q.      And please continue.  What did she find when she returned?

A.      When she returned she found the, the one child, which is
Lance, he was laying in the upstairs bedroom with his mouth bleeding and
a tooth, tooth was knocked out, or missing from his mouth.  The second
child victim, Elijah, was in one of the bedrooms asleep, or appeared to be
asleep.

Q.      Appeared to be asleep?

A.      Yes.

Q.      And what, if anything, did the mother tell you had happened
when she returned home?

Lee - direct                                          9

A.    When she returned home, she stated that the defendant explained that both kids were playing and they had collided head-to-head, and one of the tooths, one of the kid's tooth was, was knocked out because of

that.

Q.    And as a result of hearing that information from Mr. Eaves, what, if anything, did she do at that time?

A.    She then immediately went upstairs and she said she, she took the, the second child, Lance Leatherberry, and began nursing him with his bloody mouth.

Q.    Okay.  And what else, if anything, happened at that time?

A.    She, nothing that she, she, she said she didn't actually get a chance to look in on Elijah.  She was told that he was asleep.  She could see that he was laying down in an upstairs crib, but she said her attention at the time was focused on Lance, because he's the only one that had the injuries.

Q.    Now, what, if anything, happened after that point?

A.    Nothing else happened after that point.

Q.    Okay.  Let me be more specific.  What, if anything, did the

Lee - direct                                                    10

mother tell you that she did after that point?

A.     She, she then -- well, after she nursed the kid, she then put the

kid, Lance Leatherberry, to sleep.  And at approximately 1:00 a.m., she,

she awoke and she went upstairs to check on both kids, at which time she

touched the -- she checked on Lance, Lance was okay and she then checked

on Elijah.  However, she did, she only removed his hand, which was on a, a

railing on the crib, she removed his hand from the railing and she said he

appeared to be okay at that time, and that was on, at this point, 4/15/2001

at about 1:00 a.m.

Q.     Did she say whether or not at time, at that time that he was

warm or not?

A.     She, she indicated that his hand was warm.  She did not check

him for breathing.

Q.     Now, did there come a point in time, later during the night or

in the morning, when she checked in on Elijah?

A.     In the morning of 4/15/2001 at about 8:00 a.m., the mother

went up to check on both, both children and she found Elijah

unresponsive, not breathing.

Q.     And did she say anything else about his condition, whether he

Lee - direct                                                    11

was warm or cold?

    A.    She stated that he was cold and had some color, discoloration

to his body.

    Q.    Now, you had spoken before about the Medical Examiner

saying that the cause of death was internal injuries to the abdomen, and

that the child bled to death. Did the Medical Examiner determine whether

or not that would have taken a short amount of time or a long amount of

time?

    A.    The Medical Examiner described it as, as possibly being a

slow death from the internal bleeding.

    Q.    Now, when, to get back to the morning when the mother

found the child unresponsive, what did she do when she found the child

unresponsive?

    A.    She immediately ran out to call 911.

    Q.    You say ran out. Why did she run out of the residence?

    A.    Because they didn't have a phone in their residence, so she

had to go to a neighbor's house to, to call 911.

    Q.    When she did that, what was Mrs., Mr. Eaves' reaction?

    A.    She stated that, that Mr. Eaves ran upstairs and immediately

Lee - direct                                    12

ran right back downstairs and then left the residence.

Q.    Would that be before the police got there or not, or --

A.    Yes, that's before the --

Q.    -- paramedics?

A.    -- police arrived.

Q.    Now, did there come a point in time later in the day when you
actually spoke with Mr. Eaves?

A.    Yes.

Q.    And would you please tell the Court about that?

A.    I actually conducted an interview with Mr. Eaves on April
15th, 2001, at which time Mr. Eaves explained to me that...

Q.    Let me ask you first, detective --

A.    Yes.

Q.    -- did you read him his rights before you spoke to him?

A.    Yes, he was read his Miranda warnings.  He agreed to give a
statement.

Q.    And by the way, how was Mr. Eaves, Eaves located?

A.    He was located by FBI Task Force due to unrelated
outstanding warrants.

Lee - direct                                        13

Q.    And to get back to you reading him Miranda.  Did he agree to

speak with you, and did he agree to waive his rights to an attorney?

A.    Yes, he signed a waiver agreeing to speak to me without an

attorney, yes.

Q.    Did you, in fact, speak with him?

A.    Yes, I did.

Q.    Please tell the Court the substance of the conversation with

Mr. Eaves.

A.    Mr. Eaves explained that on the night of 4/15/2001,

somewhere just prior before 10:00 p.m., that the mother left the, the two

kids, Lance and Elijah, home with him.  He stated after, when the mother

left the residence, the kids began crying for the mother and they would not

stop crying, and so that's what caused him to assault both kids.

Q.    And did he tell you what he did to both children?

A.    Yes.  He explained that Lance Leatherberry, that he had

struck Lance Leatherberry in the face.  And he stated that he struck the

other victim, Elijah, in the abdominal area and also in the head.

Q.    And was, in fact, Lance treated later?

A.    Yes.  Lance was treated at the Wilmington Hospital for minor,

Lee - direct                                                14

minor injuries to the, the mouth and the chest area.

Q.    Did Lance Leatherberry, in fact, have a tooth damaged?

A.    Yes, he, he did have a tooth that was somehow or another

extracted from his mouth.

Q.    Excuse me, somehow or other what?

A.    It was taken, yes, there was a tooth somehow that knocked out

of his mouth.

Q.    Okay.  And what else with regard to the two children did Mr.

Eaves tell you?

A.    He stated that after, after both kids had been assaulted, he

then told both kids to go upstairs and he washed them up for bed and then

told both of them to go to bed.

Q.    And did they, in fact, go to bed?

A.    Yes, according to his statement, yes.

Q.    And how did Elijah get to bed?

A.    There, there's some confusion there, but we believe that based

on his statement at one point, that Elijah went to bed on his own.

Q.    Did Mr. Eaves describe to you the type of force that he used

when he struck Elijah?

Lee - cross                                    15

A.      Yes.  He, he described the force as being that of what he would use to strike another adult.

MS. WALSH:      Thank you.  Nothing further.

THE COURT:      Robert.

### CROSS-EXAMINATION

BY MR. GOFF:

Q.      Good morning, detective.  How are you doing today?

A.      Good morning.

Q.      You indicated that an autopsy protocol was conducted, or an autopsy was conducted on the same day?

A.      Yes.

Q.      That was conducted by which doctor?

A.      Dr. Pearlman.

Q.      And you said that Dr. Pearlman gave you the opinion that the deceased victim in the case had died of internal bleeding?

A.      That's correct.

Q.      Where exactly was the bleeding described as coming from?

A.      From the abdominal area.

Q.      Okay.  Well, that's got a lot of different organs in it and veins

Lee - cross                    16

and whatnot.  She must have noticed some specific locations of bleeding.

Q.    Uh-huh.  The, the liver, itself, was lacerated.

A.    Uh-huh.  The, the liver, itself, was lacerated.

Q.    Okay.  Any other lacerations internally in the abdomen area from which bleeding was noticed?

A.    There was a, there was a hole in the aorta.

Q.    A hole in the aorta?

A.    Yes, and a, and massive shredded tissue damage to the liver.

Q.    Okay.  You indicated also that she said that it would have been a slow, slow expiration, a slow bleeding to death?

A.    That was just, yeah, that was just an opinionated thing from Dr. Pearlman, yes.

Q.    That was her scientific opinion that she gave to you?

A.    Exactly, but there's no...

Q.    You were present for the autopsy?

A.    Yes, I was.

Q.    Okay.  And when you say slow, are you talking a matter of minutes or hours, or was she speaking of hours?

A.    That, I don't know.  I can just tell from the way she explained it to me that it was very opinionated in terms of it being a slow death.

Lee - cross                                    17

Q.    Okay.  Did she give you an idea of when she thought the child may have actually died from the point in time when the child was put to bed to when it was discovered, at what point during that time frame?

A.    No, she couldn't give us an actual time of death.

Q.    Okay.  Is that something that she indicated she may very well be able to do, but you haven't explored that issue?

A.    No.  She just said that, that based on the information that we had given her, that it could be consistent, that time could be consistent, meaning the assault occurring to the child sometime between 10:00 and 10:30 p.m. could be consistent.

Q.    Now, you said that the defendant, I gather, told you that the child, when he was put to sleep, Elijah Johnson, that he went to bed on his own, he physically walked on his own up to the bedroom, is that correct?

A.    That's correct.

Q.    Okay.  You said that there was some confusion on that point. Did someone else say something other than that?

A.    In our, in our interview was some confusion in terms of whether the kids --

Q.    Okay.

Lee - cross                                      18

A.    -- he got, he was confused at some point whether the kids actually went to bed or whether, how the child actually got into the, the crib, so that's where the confusion's at.

Q.    Did you ask him whether or not he was trying to kill this child or, or not?

A.    I'm sorry, repeat the question.

Q.    Did you ask him what his intent was in striking this child, what he intended to do?

MS. WALSH:    Objection, Your Honor.  This is, is charged as reckless conduct, not intentional.

MR. GOFF:    Well, I mean, it still goes to his state of mind in, in this case and it's part of his statement.

THE COURT:    You can elicit the answer.

BY MR. GOFF:

Q.    Did you ask him what his intent was in striking the child?

A.    Yes.

Q.    And what, what did he say?

A.    To stop the kids from crying.

Q.    Okay.  Did he indicate that he was frustrated over, over the

B    22

Lee - cross                                    19

situation of the crying?

     A.    Yes.

     Q.    Okay.  When you interviewed him, was this interview taped

or in any way memorialized?

     A.    Audio and videotaped, yes.

     Q.    It was audio and videotaped?

     A.    Yes, that's correct.

     Q.    And that occurred at New Castle County Police Station?

     A.    Yes, that's correct.

     Q.    In one of the interview rooms?

     A.    Yes, that's correct.

     Q.    Okay.  Prior, is the actual Miranda on tape when --

     A.    Yes.

     Q.    -- it's being given?

     A.    Yes, it is.

     Q.    Okay.  And that's when he executed the Miranda waiver

form?

     A.    Yes, that's correct.

     Q.    Okay.  Prior to giving that taped statement, did you take an

LASER BOND FORM A   PENGAD · 1-800-631-6989

Lee - cross                                20

oral statement in preparation for that taped statement from him?

  A. No, I did not.

  Q. You didn't speak to him at all about the incident?

  A. No, did not.

  Q. Okay.  During the course of any of his conversations with you, after he was taken into custody, did he mention anything concerning a lawyer?

  A. No, he did not.

  Q. The older of the two children is the victim of the assault second, and that's Lance Leatherberry?

  A. Yes, correct.

  Q. Okay.  And he is almost three years old, is that correct?

  A. Yes, correct.

  Q. Okay.  Has he been interviewed concerning what he witnessed at any, by any police officer or child protective worker?

  A. Yes, we attempted an interview with him.

  Q. Uh-huh.  Was he able to state anything...

  MS. WALSH: Objection, Your Honor, this would be material for down the road in discovery, not for this hearing.

Lee - cross                                    21

MR. GOFF:    Well, if he saw something concerning the

incident and spoke concerning it, that's relevant to whether, the nature of

the crime and whether it was committed, and that's evidence of, of the

crime. So I would submit that it is something that I should be permitted to

ask about.

MS. WALSH:    Your Honor, that would be Jencks material

for later, not for this hearing.

THE COURT:    Seem to me it should be, it's a later inquiry

item, Robert. I'm going to sustain the objection.

BY MR. GOFF:

Q.    Okay. You said that he indicated that the child had received

an injury to his head, Elijah had received an injury to his head as well, or

not?

A.    Yes.

Q.    Okay. And you didn't describe what the autopsy found on

that. What was the nature of the injury found there?

A.    Just abrasions, abrasions --

Q.    Abrasion?

A.    -- to the, to the head, yes.

Lee - cross                                    22

Q.    Were there a lot of physical injury apparent from the exterior

prior to the autopsy being done?

A.    No, there was not.

Q.    Was there any indication that Mr. Eaves had ever hurt or

assaulted this child or either child prior to this incident?

A.    Yes.

Q.    Okay. And what was, what was learned concerning that?

MS. WALSH:    Objection, Your Honor, at this time, that's a

matter pending investigation.

MR. GOFF:    Well, I mean, it, it...

MS. WALSH:    And it's not relevant to this hearing.

MR. GOFF:    I think it's relevant, but it's whatever the

Court rules.

THE COURT:    No, I'll think we'll just, we'll pass on.

MR. GOFF:    Okay.

THE COURT:    Sustain the objection.

BY MR. GOFF:

Q.    You indicated that prior to the incident, the children were

described as being in good health?

Lee - cross                                      23

A.    Yes.

Q.    Okay.  And that description of good health came from whom?

A.    The mother.

Q.    Okay.  And during this evening at the home, other than the mother, without naming who they would be, were there other people present in the house, the mother --

A.    Prior --

Q.    -- of the two children?

A.    -- prior to the incident?

Q.    Correct.

A.    Yes.

Q.    Okay.  And how about overnight --

A.    No.

Q.    -- persons?

There were no other persons but the mother, the defendant and the two children in the home?

A.    Overnight, yes.

Q.    Okay.  Whose home was this?

A.    It's the mother's residence, she rents.

Lee - cross                                    24

Q.      And she lives there with the two children?

A.      Yes, that's correct.

Q.      Is the cli, is the defendant also reside there or is he just an occasional guest?

A.      He, he has an address that's in the same development.  I think he lives there most of the time, but there are occasions that he's not there.

Q.      You indicated that the FBI Task Force found him.  Where was he found?

A.      In the City of Wilmington at a relative's house.

Q.      At a rel, at one of his relative's house?

A.      At one, one of, yes.

Q.      Approximately how far from the location of the crime was that, in terms of blocks or distance?

A.      Probably ten to fifteen miles, I would say.

Q.      Ten to fifteen miles?

A.      Yeah, I'm just, that's a true estimate.

Q.      Okay.  As far as his leaving the scene is concerned, did he also indicate to you that the reason why he left the scene was because he knew he had a capias outstanding for him, or a warrant outstanding for him?

Lee - cross                                    25

A.     We didn't talk about that.

Q.     But there was a warrant outstanding --

A.     There was --

Q.     -- for him, is that correct?

A.     -- yes, there were several.

Q.     Okay.  Were any statements -- you are the chief investigating officer, is that correct?

A.     Yes, that's correct.

Q.     Okay.  You've already described the statement that you took from the defendant.  And the only statements you took from him at all were statements that were on tape, is that correct?

A.     Yes, that's correct.

Q.     Are you aware of whether or not he was interviewed by any other police officers or state agents?

A.     To my knowledge, no.

Q.     Okay.  And meaning to your knowledge, you have reviewed the investigation in this matter with the other police officers, is that correct?

A.     Yes, but I, here again, I don't, I don't know, I don't know who

Lee - cross                                    26

all the members of the FBI Task Force and --

Q.    Okay.

A.    -- what their role was at the, the location of his --

Q.    Okay.

A.    -- of his arrest.

Q.    Okay.  As far as you're aware, no other New Castle County

police officers interviewed him --

A.    No.

Q.    -- is that correct?

A.    Exactly, no.

Q.    At the time that he was interviewed, did he appear to be

intoxicated?

A.    No.

Q.    No, he did not?

A.    No, he did not.

Q.    Did he indicate that he had been drinking or not?

A.    At which point?

Q.    Earlier in the evening, the day prior?

A.    Do you mean during the incident?

27

Q.    Correct.

A.    Yes.

MR. GOFF:    No more questions.

THE COURT:    Thank you, Robert.

MS. WALSH:    Nothing further --

THE COURT:    Any...

MS. WALSH:    -- Your Honor.

THE COURT:    You may step down, detective.  Thank you.

THE WITNESS:    Thank you, Your Honor.

THE COURT:    Any further evidence?

MS. WALSH:    No, Your Honor.  The State rests.

THE COURT:    For the defense?

MR. GOFF:    No argument.

THE COURT:    All right.  At this point, the Court is well

satisfied that the minimum evidence has been produced to have the matter

submitted to the Grand Jury of this county.  The defendant, James Eaves,

is bound over for consideration of the charges by that body.

MS. WALSH:    Thank you, Your Honor.

THE COURT:    All right.  Bond will remain the same.

MR. GOFF:    Thank you, Your Honor.

- - - - -

28

## CERTIFICATE OF AUDIO MONITOR

I, Tina R. Walls, Certified Audio Monitor of the Court of Common Pleas, State of Delaware, do hereby certify that the foregoing is an accurate transcript of the testimony adduced and proceedings had, as monitored and recorded by me, in the Court of Common Pleas for the State of Delaware, in the case therein stated, as the same now remains of record in the Office of the Court of Common Pleas at Wilmington, Delaware.

WITNESS my hand this 5th day of Sept. A.D., 2001.

Tina R. Walls

LASER BOND FORM A ® PENGAD • 1-800-631-6989

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

THE STATE OF DELAWARE        )
                             )
            V.               )    INDICTMENT BY THE GRAND JURY
                             )
JAMES EAVES                  )    I.D. #0104009314
                             )

The Grand Jury charges JAMES EAVES with the following offenses:

### COUNT I. A FELONY    I#N 01- 04 - 1571

MURDER BY ABUSE in violation of Title 11, Section 634 of the Delaware Code of 1974, as amended.

JAMES EAVES, on or about the 15th day of April, 2001, in the County of New Castle, State of Delaware, did recklessly cause the death of Elijah Johnson, a child, through an act of abuse.

### COUNT II. A FELONY    I#N 01- 04- 1572

ASSAULT SECOND DEGREE in violation of Title 11, Section 612 of the Delaware Code of 1974 as amended.

JAMES EAVES, on or about the 15th day of April, 2001, in the County of New Castle, State of Delaware, being a person 18 years of age or older, did recklessly cause physical injury to Lance Leatherberry, a person who has not yet reached the age of 6 years.

A TRUE BILL

_____
(FOREPERSON)

_____
ATTORNEY GENERAL                          10.

_____
DEPUTY ATTORNEY GENERAL

## TRUTH-IN-SENTENCING GUILTY PLEA FORM
### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR _____NC_____ COUNTY

STATE OF DELAWARE          )    ID: 010 4009314
v. James Eaves             )    CRA: IVYOL-04-1571
                           )

### The defendant must answer the following questions in his or her own handwriting.

Date of Birth 8-22-79 _____    Last grade in school completed 11th grade

Have you ever been a patient in a mental hospital? '00 -depression -suicide attempt -DSH     ☒ Yes ☐ No
Are you under the influence of alcohol or drugs at this time? — Thorzine -hallucination + Paxil     ☒ Yes ☐ No
Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement?     ☒ Yes ☐ No
Have you been promised anything that is not stated in your written plea agreement?     ☐ Yes ☒ No
Has your attorney, the State, or anyone threatened or forced you to enter this plea?     ☐ Yes ☒ No

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional right:
(1) to be **presumed innocent** until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
(2) to a **speedy and public trial**;
(3) to **trial by jury**;
(4) to **hear and question the witnesses** against you;
(5) to **present evidence** in your defense;
(6) to **testify** or not testify yourself; and,
(7) to **appeal** to a higher court?     ☒ Yes ☐ No

| OFFENSE | STATUTORY PENALTY | | TIS GUIDELINE |
|---------|-------------------|--|---------------|
|         | Incarceration | Amount of Fine (range if applicable) | |
| Murder By Abuse 1st° | 15 years -Life | 0 - $2300 | 15 years |
|  |  |  |  |
|  |  |  |  |

**TOTAL CONSECUTIVE MAXIMUM PENALTY:**  Incarceration: Life _____    Fine: $2300

*NON-CITIZENS: Conviction of a criminal offense may result in deportation, exclusion from the United States, or denial of naturalization.*

Do you understand that, if incarcerated, you will not be eligible for parole, and the amount of early release credits which you may earn will be limited to a maximum of ninety (90) days per year? for GPL     ☒ Yes ☐ No
                                                                                                                                                        non-mandate
Is there a **minimum mandatory penalty?**     ☒ Yes ☐ No
If so, what is it? 15 year incarceration _____    petn sentance.

Is there a **mandatory revocation of driver's license or privileges** for this offense or as a result of your plea?     ☐ Yes ☒ No
If so, what is the **length of revocation?** _____ years

Has anyone promised you what your sentence will be?     ☐ Yes ☒ No
Were you on **probation or parole** at the time of this offense? (A guilty plea may constitute a violation.)     ☐ Yes ☒ No
Do you understand that a guilty plea to a felony will cause you to **lose your right to vote, to be a juror, to hold public office**, and other civil rights?     ☒ Yes ☐ No
Have you been advised that this is an offense which results in the loss of the **right to own or possess a deadly weapon?**     ☒ Yes ☐ No
Have you been advised that this is an offense which requires **registration as a sex offender?** N/A     ☐ Yes ☒ No
Are you satisfied with your lawyer's representation of you and that your lawyer has **fully advised you of your rights** and of your guilty plea?     ☒ Yes ☐ No
**Have you read and understood all the information contained in this form?**     ☒ **Yes** ☐ **No**

_____ Defense Counsel    3-20-02     X James Eaves Defendant

Print name: R. M. Goff _____    Print name: James Eaves

R. Goff

Superior Court of the State of Delaware, _New Castle_ County     (16)

# PLEA AGREEMENT

JEB

State of Delaware v. _JAMES EAVES_

**Case No(s):** _0104009314_ Cr.A.#s: _IN01-04-1571, 1572_

☐ Title 11HAB. OFFENDER _____     ☐ BOOT CAMP ELIGIBLE     ☐ INELIGIBLE
☐ RULE 11(e)(1)(C) — If out of guideline, reason is as follows: _____
☐ Title 11, §4336, sex offender notification required     ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

**Defendant will plead guilty to:**

| Count | Cr.A.# | Charge     [LIO if applicable] |
|-------|--------|-------------------------------|
| I | IN01-04-1571 | Murder by Abuse in the First Degree |

Upon the sentencing of the defendant, a **nolle prosequi** is entered on ☐ the following charges/☑ all remaining charges on this indictment:

| Count | Cr.A# | Charge |
|-------|-------|--------|
| II | IN01-04-1572 | Assault Second Degree |

**Sentence Recommendation/Agreement;** ☑ PSI ☐ Immediate Sentencing
_The State and defendant agree that a 20 year term of imprisonment is appropriate._

**State and Defendant agree to the following:**
☐ Restitution: _____     James Eaves
☑ No _____ contact w/ Victim (Lance) or Victims'
☐ Other Conditions:     (Lance + Elijah) family

DAG: _DIANE COFFEY WALSH_     DEF. COUNSEL: _R.M. Goff_
PRINT NAME     PRINT NAME

_Diane Coffey Walsh_     _____
SIGNATURE     SIGNATURE

DEFENDANT: X _James Eaves_

Date: _3-20-02_

1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,          ID#0104009314

v.

JAMES C. EAVES,

                Defendant.


BEFORE: HONORABLE JOHN E. BABIARZ, JR.


APPEARANCES:

        SEAN LUGG, ESQ.
        Deputy Attorney General
        for the State

        ROBERT GOFF, ESQ.
        for the Defendant

              *Plea Hearing*
        ~~TRIAL~~ TRANSCRIPT
        MARCH 20, 2002
        - - - - - - - - - - - - - - -


        SUPERIOR COURT REPORTERS
        500 North King Street, Suite 2609
        Wilmington, Delaware 19801-3725
              (302) 255-0570

23

---

2

1            March 20, 2002
             Courtroom No. 203

2

3    PRESENT:

4    As noted.        **ORIGINAL**

5         - - - - -

6         MR. LUGG:  Good afternoon, Your Honor.

7         THE COURT:  Good afternoon.

8         MR. LUGG:  Yes, Your Honor, I would first

9    like to thank you, on behalf of the State and

10   Mr. Goff, for the Court's willingness to do this

11   this afternoon.

12        There is plea, which has been reached

13   between the State and Mr. Eaves in the matter of

14   State versus James Eaves, which is set before trial

15   before Your Honor on April 2nd.

16        The defendant is pleading guilt to Count I

17   of the indictment, Murder By Abuse in the First

18   degree.  Upon entry of the plea and sentencing of

19   the defendant, the State will enter a nolle

20   prosequi on the remaining charge, Assault in the

21   Second Degree.

22        The State and defendant jointly recommend the

23   following sentencing to which both agree that is a

---

3

1    20-year term of imprisonment.

2         The State and the defendant agree to have no

3    contact with the victims.  The truth and sentencing

4    guilty plea form has been completed, executed and

5    presented to the Court.

6         THE COURT:  Okay.  Mr. Goff?

7         MR. GOFF:  Your Honor, that is a correct

8    statement of the plea agreement that has been reached

9    in this case.  There have been substantial discussions

10   and negotiations between the State and the defense

11   concerning this.  And I'm just going to put just a

12   tiny bit of that on the record so we know how we got

13   here.

14        Ultimately, I have been seeking to have the

15   minimum imposed on this.  Understandably, the State

16   was not willing to make that type of agreement.

17   The State then placed before us a plea agreement

18   or rather two possible plea agreements:  One to

19   plead straight up to Murder By Abuse First Degree

20   with no agreement on recommendations; and the

21   second one to agree to the 20 years.

22        I placed this before my client, Mr. Eaves,

23   and I did recommend that he accept the one with the

---

4

1    recommendation of a cap, so that's where we stand

2    today.  We have explored --

3         THE COURT:  Well, I think both sides --

4    although you may agree on a minimum, it is ultimately

5    up to the Court.

6         MR. GOFF:  And that, Your Honor, is something

7    I have explained in great detail with Mr. Eaves in

8    this process, that Your Honor has the authority to

9    sentence him between the minimum, which is the 20-year

10   sentence and the maximum which is a maximum penalty.

11        THE COURT:  I'm sure the State understands

12   the same.

13        MR. GOFF:  Because Rule 11(e)(1)(c) is all

14   gone now.  But at any rate, I have presented that to

15   my client and he elects to the recommendation of 20

16   years from the State with my advice.

17        I have explored the psychological issues that

18   might have existed in this matter with our

19   psychoforensic team and there is no psychiatric or

20   psychological defense that I would be able to raise in

21   this matter, nor have there been some suppression for

22   the confession.

23        I believe this plea is being entered

5

1  knowing, intelligently and voluntarily.  I think it
2  is in the best interest to accept this plea, and I
3  would ask the Court to accept this as well.
4      THE COURT:  Mr. Eaves, how old are you?
5      THE DEFENDANT:  22, Your Honor.
6      THE COURT:  And how far have you gone in
7  school?
8      THE DEFENDANT:  The 12th grade.
9      THE COURT:  You have been a patient in a
10  mental hospital I see?
11      THE DEFENDANT:  Yes.
12      THE COURT:  That is in the year 2000 for
13  depression with a suicide attempt; is that correct?
14      THE DEFENDANT:  Yes, Your Honor.
15      THE COURT:  And with regard to alcohol or
16  drugs, you are reporting that you have been taking
17  three drugs --
18      MR. GOFF:  Your Honor, I asked him for what
19  the medications were for since -- and he has had
20  imagines that he sees the boy that he killed, that
21  that sort of haunts him during waking hours, and
22  he's taking Paxill for his depression.
23      THE COURT:  Okay.  Sir, any other alcohol or

6

1  drugs other than those three medications?
2      THE DEFENDANT:  No, Your Honor.
3      THE COURT:  All right.  Has anybody promised
4  you anything to induce you to plead guilty other
5  than what's written down in the plea agreement?
6      THE DEFENDANT:  No, Your Honor.
7      THE COURT:  Has anybody threatened you with
8  anything to force you to plead guilty?
9      THE DEFENDANT:  No, Your Honor.
10      THE COURT:  Do you wish to enter a plea of
11  guilty of Murder By Abuse in the First Degree?
12      THE DEFENDANT:  Yes, Your Honor.
13      THE COURT:  Do you understand the rights
14  that are stated for you on the guilty plea form?
15      THE DEFENDANT:  Yes, Your Honor.
16      THE COURT:  That includes the right to be
17  presumed innocent, the right to a speedy and public
18  trial, to have a jury try the case; that includes
19  the right to hear the witnesses against you and
20  have Mr. Goff ask them questions.  It includes the
21  right to present evidence in your own defense.  It
22  includes the right to testify at your own trial or
23  if you decline to testify the Court would tell the

7

1  jury that your silence could not be held against
2  you and that you also have the right to appeal.  Do
3  you understand that you have all those rights?
4      THE DEFENDANT:  Yes, Your Honor.
5      THE COURT:  Do you understand when you plead
6  guilty you give them up?
7      THE DEFENDANT:  Yes, Your Honor.
8      THE COURT:  Has anybody promised you exactly
9  what your sentence is going to be?
10      THE DEFENDANT:  No, Your Honor.
11      THE COURT:  Do you understand that there is
12  a minimum sentence of 15 years, it can't be
13  anything less than 15 years?
14      THE DEFENDANT:  Yes.
15      THE COURT:  And do you understand that the
16  maximum sentence is life in prison?
17      THE DEFENDANT:  Yes, Your Honor.
18      THE COURT:  Where you on probation or parole
19  when the offense was committed?
20      THE DEFENDANT:  No, Your Honor.
21      THE COURT:  Are you satisfied with the help
22  that Mr. Goff has given you in this matter?
23      THE DEFENDANT:  Yes, Your Honor.

8

1      THE COURT:  Okay.  Here is the charge:
2  Count I, Murder By Abuse, on or about April 15,
3  2001 in New Castle County, State of Delaware you
4  did recklessly cause the death of Elijah Johnson, a
5  child, through an act of abuse.  Do you understand
6  that charge?
7      THE DEFENDANT:  Yes, Your Honor.
8      THE COURT:  Did you commit that offense?
9      THE DEFENDANT:  Yes, Your Honor.
10      THE COURT:  All right.  I am satisfied that
11  this plea is freely, voluntarily and intelligently
12  made.  The guilty plea is accepted.
13      I will order a presentence investigation and
14  the sentencing will be scheduled before me on the
15  next available date.
16      MR. GOFF:  Thank you very much, Your Honor.
17      THE COURT:  Court is now in recess.
18      (Whereupon, the Rule 61 motion ended.)
19
20      g. p-hrg
21
22      B    37
23

Page 5 to 8 of 9

9

1    STATE OF DELAWARE:

2

3    NEW CASTLE COUNTY:

4

5

6            I, Michele R. Honaker, Official Court
     Reporter of the Superior Court, State of Delaware, do
7    hereby certify that the foregoing is an accurate
     transcript of the proceedings had, as reported by me
8    in the Superior Court of the State of Delaware, and
     supervised by Kathleen D. Feldman, Chief Court
9    Reporter, RPR, in and for New Castle County, in the
     case therein stated, as the same remains of record in
10   the Office of the Prothonotary at Wilmington,
     Delaware, and that I am neither counsel nor kin to any
11   party or participant in said action nor interested in
     the outcome thereof.

12           WITNESS my hand this 11th day of October,
     2005.

13

14           _____
             MICHELE R. HONAKER
15           SUPERIOR COURT REPORTER
             Cert#156-PS

16

17

18

19

20

21

22

23

B    38

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE

    VS.

JAMES C EAVES

Alias: See attached list of alias names.

DOB: 08/22/1979
SBI: 00306218

CASE NUMBER:                    CRIMINAL ACTION NUMBER:
0104009314                     IN01-04-1571
                               MURDER BY ABUSE(F)

SENTENCE ORDER

NOW THIS  7TH DAY OF JUNE, 2002, IT IS THE ORDER OF THE
COURT THAT:

The defendant is adjudged guilty of the offense(s) charged.
Costs are hereby suspended.  Defendant is to pay all
statutory surcharges.

 AS TO IN01-04-1571- : TIS
MURDER BY ABUSE

 The defendant shall pay his/her restitution as follows:
$5405.17 TO VIOLENT CRIMES COMP.BOARD

Effective April 16, 2001  the defendant is sentenced
as follows:

 - The defendant is placed in the custody of the
Department of Correction for 40 year(s) at supervision
level 5

 - Suspended after serving 30 year(s)  at supervision level
5

 - For 10 year(s)  supervision level DOC DISCRETION

### SPECIAL CONDITIONS BY ORDER

**STATE OF DELAWARE**
      **VS.**
**JAMES C EAVES**
**DOB: 08/22/1979**
**SBI: 00306218**

                **CASE NUMBER:**
                **0104009314**

NO SPECIAL CONDITIONS AT ORDER LEVEL

### NOTES

The defendant is Discharged as Unimproved from all present probations.

                        _____

                        **JUDGE JOHN E BABIARZ JR.**

**FINANCIAL SUMMARY**

**STATE OF DELAWARE**
     **VS.**
**JAMES C EAVES**
**DOB: 08/22/1979**
**SBI: 00306218**

                    **CASE NUMBER:**
                     0104009314


SENTENCE CONTINUED:


TOTAL DRUG DIVERSION FEE ORDERED

TOTAL CIVIL PENALTY ORDERED

TOTAL DRUG REHAB. TREAT. ED. ORDERED

TOTAL EXTRADITION ORDERED

TOTAL FINE AMOUNT ORDERED

FORENSIC FINE ORDERED

RESTITUTION ORDERED                              5405.17

SHERIFF, NCCO ORDERED

SHERIFF, KENT ORDERED

SHERIFF, SUSSEX ORDERED

PUBLIC DEF, FEE ORDERED

PROSECUTION FEE ORDERED

VICTIM'S COM ORDERED

VIDEOPHONE FEE ORDERED


_____

TOTAL                                        5,405.17



**APPROVED ORDER**    3    April 25, 2006 11:04

## LIST OF ALIAS NAMES

**STATE OF DELAWARE**
         **VS.**
**JAMES C EAVES**
**DOB: 08/22/1979**
**SBI: 00306218**

                              **CASE NUMBER:**
                                0104009314

JAMES EAVES
JC EAVES

#29

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR New Castle                COUNTY

STATE OF DELAWARE                    )
           v.                    )    No. _0104009314_____
_James Eaves_____                  )    (to be supplied by Prothonotary)
Name of Movant on Indictment         )    _In 01-04-1571- R1_
                                     )
_James Carl Eaves III___             )
Correct Full Name of Movant          )

FILED PROTHONOTARY 2005 JUL 27 AM 8:51

**MOTION FOR POSTCONVICTION RELIEF**

## MOTION

1.   County in which you were convicted _New Castle_

2.   Judge who imposed sentence _John E. Babiarz JR._

3.   Date sentence was imposed _June 7th 2002_

4.   Offense(s) for which you were sentenced and length of sentence (s):

     _Murder by Abuse in the first degree_

5.   Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?     Yes ( )     No (✓)
     If your answer is "yes," give the following information:
     Name and location of court(s) which imposed the other sentence(s):

     _____

     _____

     Date sentence(s) imposed: _6-7-02_

     Length of sentence(s) _30yrs_

6.   What was the basis for the judgment(s) of conviction?  (Check one)
          Plea of guilty ( ✓ )
          Plea of guilty without admission of guilt ("Robinson plea")  ( )
          Plea of nolo contendere  ( )
          Verdict of jury  ( )
          Finding of judge (non-jury trial)  ( )

7.   Judge who accepted plea or presided at trial _John E. Babiarz_

8.   Did you take the witness stand and testify?  (Check one)
     No trial ( ✓ )   Yes ( )   No ( )

9.   Did you appeal from the judgment of conviction? Yes ( )   No ( ✓ )
     If your answer is "yes," give the following information:

     Case number of appeal _____

     Date of court's final order or opinion _____

1

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes ( ) No ( )    How many? ( 2 ) If your answer is "yes," give the following information as to each:

Nature of proceeding(s) Motion for Modification of Sentence

Grounds raised Grounds Raised 9-4-02 Correction of Sentence

Grounds raised 4-17-03 illegal sentence

Was there an evidentiary hearing? No

Case number of proceeding(s) 0640093/4

Date(s) of court's final order(s) or opinion(s) 9-4-02 - 4-17-03

Did you appeal the result(s)? no

11. Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

At plea of guilty or trial Robert Goff

On appeal

In any postconviction proceeding

12. State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

2

B    45

Ground one: Judge Violated plea Agreement at Sentencing is abuse of discretion.
Supporting facts (state the facts briefly without citing cases):
Date of plea 3/20/02 was agreed to Sentence of 20yrs, but on date of

Sentencing 6/7/02 Judge gave defendant 30yrs. The state and defendet on 3/20/02

agreed that a 20yr Sentence was appropriate at signing of plea agreement. (over)
"Relief 20 yr, plea Agreement."
Ground two: Ineffective Assistance of counsel for not objecting 30yr Sentence

Supporting facts (state the facts briefly without citing cases):
Defendant's counsel did'nt object in defense of defendant at Sentencing when

State and defendant all agreed to 20yr sentence. No prompt action was taken to protect

the accused in violation of A.B.A. Standards 4-3.6 and A.B.A. Standard 4-3.9(a)(b), (over)

Ground three: D.A. Violated fullfillment of Plea disussion; A.B.A. Standard 3-4.2(C)
Supporting facts (state the facts briefly without citing cases):
Defendant and State agreed to a plea of 20yr Sentence level V on Signing of plea

on 3/20/02, but at Sentencing, D.A. did'nt see to it that the 20yr Sentence

of the plea was given on Sentencing date 6/7/02 by Super Court Judge.

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: All of the above; Deft's Counsel was ineffective

assistance of Counsel and did not advise deft of all his rights such as withdrawl of

plea or appeal or P.C.R. rule 61 or challenge to ineffective assistance of counsel nor did

Counsel advise deft of the Robinson plea "nolo contendre" nor did Counsel object Judge impose of 30yr

Sentence when State agreed to 20yr Sentence plea agreement. Counsel failed to defend deft.

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

__7/18/05__
Date Signed

_James Eaves_
Signature of Movant
(Notarization not required)

forms/mtnpcr.wp
Revised 9/2002

B    3    46

Ground one

Judge had close mind at sentencing by violating plea agreement of 20yr. Sentence and gave **30yr.** Sentence. That the State agreed upon on 3/20/02 signing of plea.

Ground two

and Duty to keep client informed. And Counsel failed in advising the accused (A)(B) + (C)

Standard 4-5.1 as well as failed in Control and direction of the case (A) (i)(ii)(iii)

(iv) and (v) Whether to appeal and (B) and (C) of A.B.A. Standard 4-5.2

Counsel also violated defendant rights of duty to explore disposition without trial (A) + (B) Standard 4-6.1 and Violated Standard 4-6.2 Plead discussion (A) By not informing defendant that Judge would impose a 30yr Sentence

instead of 20yr Sentence that State agreed upon on 3/20/02 Signing of plea.

nor did Counsel object to 30yr Sentence or try to withdrawl the plea at Sentencing nor did he file appeal or advise on appeal right's or advise about modification or advise about P.C.A. under rule 61.

Counsel Violated A.B.A. Standard 4-7.9 post trial motions. And Violated A.B.A. Standard

4-8.1 Sentencing (A)(B) + (C) by not advising defendant. Counsel also Violated A.B.A

Standard 4-8.3 to advise defendant of Counsel on appeal (A), (B), (C), (D), + (E) nor did

Counsel advise on A.B.A. Standard 4-8.4 conduct of appeal (A)(B), + (C) and did'nt

advise defendant of A.B.A. Standard 4-8.5 post conviction remedies nor did counsel

advise defendant of A.B.A Standard 4-8.6 Challenges to the effectiveness of Counsel (A)(B)(C) + (D)

**Ground four:** Ineffective assistance of counsel, failure to object and failed to withdrawl plea, supporting facts: At Sentencing Judge Violated 20yr plea agreement by sentencing deft to 30yrs, counsel did not object or file a motion to withdrawl plea after the agreement was Violated or none agreed imposed sentence of 30yrs level V.

**round five:** Ineffective assistance of counsel for allowing deft to be coerced into signing 20yr plea. supporting facts: counsel allowed court to Sentence deft to 30yr Sentence without counsel defending his rights, Deft feels deception of 20yr plea agreement was used to Sentence him to 30yrs, deft and State never agreed upon such a deal to a 30yr agreement.

round six: Ineffective assistance of counsel for not advising deft of his rights concerning case

supporting facts: Counsel failed to advise deft of his legal rights to object to Sentencing of 30yr at level 5, when State agreed to Sentence of 20yr plea agreement. Counsel failed to get copy of pre-sentence investigation report and failed to advise deft to withdraw plea or to ???

B    47

## Certificate of Service

I, _James Eaves SBI# 306218_, hereby certify that I have served a true
and correct cop(ies) of the attached: _1 original Copy of P.C.R. rule 61_
_Motion and 1 copy of P.C.R. rule 61 Motion served_ upon the following
parties/person (s):

FILED
PROTHONOTARY
2005 JUL 27 AM 8:51

TO: _New Castle County Prothonotary_
_500 N King Street_
_Suite 500, lower level I_
_Wilmington, DE 1980l_

TO: _Jane Brady D.A.G._
_820 N French Street_
_Dept. of Justice_
_Wilmington, DE 1980l_

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE
19977.

On this _18_ day of _July_____, 2005

_James Eaves_

SUPERIOR COURT
OF THE
STATE OF DELAWARE

JOHN E. BABIARZ, JR.
JUDGE

December 28, 2005

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0658

James Eaves
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**RE:** *State of Delaware v. James Eaves*
**I.D. No. 0104009314**

Dear Mr. Eaves:

You seek relief from the 30-year sentence for Murder by Abuse in the First Degree on the grounds that the plea agreement indicated a 20-year sentence. You allege that you were unaware of the maximum penalty that you received and that defense counsel was constitutionally ineffective for failing to object to the sentence.

The transcript of your guilty plea hearing shows that I reminded the attorneys that the judge is final arbiter of the appropriate sentence and also that I informed you that the maximum sentence for your crime is life imprisonment. The transcript also shows your attorney explained to you that the judge is not bound by the plea recommendation.

Your sentence of 30 years is within the statutory limit for the crime of Murder by Abuse First Degree, and your motion for postconviction is *Denied.*

*It Is So ORDERED.*

Very truly yours,

Judge John Babiarz, Jr.

Original to Prothonotary
JEB,jr/ram/bjw

B    49

## CERTIFICATE OF SERVICE

The undersigned, being a member of the Bar of the
Supreme Court of Delaware, hereby certifies that on April
26, 2006, he caused two copies of the attached document to
be placed in the U.S. Mail, first class postage prepaid,
addressed to the following:

James Eaves
No. 306218
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977


Loren C. Meyers
Chief of Appeals Division
Dept. of Justice

IN THE SUPREME COURT OF THE STATE OF DELAWARE

**JAMES EAVES,**                              )
                                              )
       Defendant-Below,              )
       Appellant                     )
                                              )
    v.                                    )   No. 22, 2006
                                              )
**STATE OF DELAWARE,**                        )
                                              )
       Plaintiff-Below,              )
       Appellee                      )


ON APPEAL FROM THE SUPERIOR COURT
OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY


**STATE'S ANSWERING BRIEF**


                    Loren C. Meyers
                    Chief of Appeals Division
                    Del. Bar ID 2210
                    Department of Justice
                    Carvel State Office Building
                    820 N. French Street
                    Wilmington, DE 19801
                    (302) 577-8500

April 26, 2006

**TABLE OF CONTENTS**

TABLE OF CITATIONS...........................................ii

NATURE AND STAGE OF THE PROCEEDINGS..........................1

SUMMARY OF THE ARGUMENT......................................2

STATEMENT OF FACTS...........................................3

ARGUMENT

      I.    SUPERIOR COURT DID NOT ABUSE ITS DISCRETION
            IN DENYING EAVES' POST-CONVICTION MOTION..............4

CONCLUSION...................................................8

*Martin v. State*, 1995 WL 264521
      (Del. Apr. 28, 1995)...................................Ex. A

*Jamison v. State*, 2003 WL 21295908
      (Del. June 3, 2003)....................................Ex. B

*Selby v. State*, 2004 WL 65330
      (Del. Jan. 12, 2004)...................................Ex. C

## TABLE OF CITATIONS

**Cases**

*Allen v. State*, 509 A.2d 87 (Del. 1986) ........................ 6

*Dawson v. State*, 673 A.2d 1186 (Del. 1996) ..................... 4

*Jackson v. State*, 654 A.2d 829 (Del. 1995) .................... 5

*Jamison v. State*, 2003 WL 21295908 (Del. June 3, 2003) ........ 7

*Martin v. State*, 1995 WL 264521 (Del. Apr. 28, 1995) ....... 6, 7

*Selby v. State*, 2004 WL 65330 (Del. Jan. 12, 2004) ........... 7

*Somerville v. State*, 703 A.2d 629 (Del. 1997) ................ 6

*United States ex rel. Darrah v. Brierley*,
  415 F.2d 9 (3d Cir. 1969) .................................... 6

*Unitrin, Inc. v. American General Corp.*,
  651 A.2d 1361 (Del. 1995) ................................... 5

*Younger v. State*, 580 A.2d 552 (Del. 1990) ................... 6

**Statutes**

Super. Ct. Crim. R. 61(d)(3) .................................. 5

Super. Ct. Crim. R. 61(m)(1) .................................. 5

## NATURE AND STAGE OF THE PROCEEDINGS

The grand jury indicted James Eaves in June 2001, charging him with murder by abuse or neglect in the first degree and second degree assault. Eaves pled guilty to the murder charge in March 2002, and he was sentenced in June 2002 to 40 years imprisonment, suspended after 30 years imprisonment for 10 years probation. Eaves applied for state post-conviction relief in July 2005. Superior Court summarily denied the motion in December 2005. The instant appeal then ensued; this is the State's answering brief.

**SUMMARY OF ARGUMENT**

    1.  All of appellant's arguments are denied:  Though not mentioned by Superior Court, appellant's motion was procedurally barred by Superior Court Criminal Rule 61(i)(1).  In turn, none of appellant's claims warranted review under Rule 61(i)(5). Contrary to appellant's assumption, the sentencing recommendation was not binding upon the sentencing judge.  As a result, there was no basis for defense counsel to object, and the prosecutor committed no error at sentencing.

## STATEMENT OF FACTS

On April 15, 2001, county police officers arrived at 204 Dewey Court, Stoneybrook, in Claymont, responding to a report of an unresponsive child. Police saw two year old Elijah Johnson in an upstairs bedroom; the child did not respond and he was not breathing. Elijah was pronounced dead that morning upon his arrival at the hospital. An autopsy by the Medical Examiner revealed that the child had bled to death from injuries to his liver and aorta. Another child in the house, Lance Leatherberry, was also found by police. Lance too had been struck, causing minor injuries to his mouth and chest. (B3, 8-10, 20). The boys' mother told detectives that she had gone the previous evening for 20 minutes, leaving James Eaves with the children. When she left, the two boys had been fine. On her return, she discovered Lance had a missing tooth and a bloody mouth; Elijah seemed to be asleep. Eaves told her that the two boys had run into each other, knocking Lance's tooth out from the force of the collision. The mother checked on both boys about 1 a.m., and they both appeared to be fine. At about 8 a.m., when she went to awaken Elijah, he was unresponsive and not breathing. She then ran to a neighbor's house to call for an ambulance. (B11-15).

Police questioned Eaves that day. Eaves was the boyfriend of the mother of the two children, and he was babysitting the two the evening and night of April 14. Eaves confessed to striking both Elijah and Lance because the boys would not stop crying. (B3-4, 16-19, 22).

3

**SUPERIOR COURT DID NOT ABUSE
ITS DISCRETION IN DENYING
EAVES' POST-CONVICTION MOTION.**

**Standard and Scope of Review**

A decision of the Superior Court to deny a motion for post-conviction relief is reviewed on appeal for abuse of discretion. *E.g.*, *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

**Argument**

Eaves was indicted in July 2001, charged with murder by abuse or neglect in the first degree for the death of Elijah Johnson and with second degree assault for the injury to Lance Leatherberry. (B33). In March 2002, Eaves agreed to plead guilty to the homicide charge. In exchange, the prosecution agreed to dismiss the assault charge. In addition, the prosecution agreed with the defense that a 20 year sentence would be appropriate. (B34-35).

In the plea colloquy, both the prosecutor and Eaves' attorney recited the terms of the agreement. (B36). The Superior Court judge, however, made it clear that the sentencing recommendation was not binding on the court. (B36). On the guilty plea form, Eaves had denied that anyone had promised him what his sentence would be. (B34). He also denied that he had been promised anything not stated in the plea agreement. (B34). When asked those questions during the plea colloquy, Eaves' answers were consistent with his statement on the plea form. (B37). Finally, Eaves told the judge he understood that he could be sentenced to a prison term ranging from 15 years to life.

4

(B37).  Eaves was sentenced on June 7, 2002 to 40 years imprisonment, suspended after 30 years imprisonment for 10 years probation.  (B39).

On July 27, 2005, Eaves filed a motion for state post-conviction relief.  (B43-48).  According to Eaves, the judge had violated the plea agreement by sentencing him to 30 years imprisonment; defense counsel had been ineffective in various regards in relation to the 30 year sentence; and the prosecutor had violated the plea agreement by not ensuring that Eaves had received only a 20 year prison term.  (B46-47).  After ordering the transcript of the plea colloquy to be prepared,[1] the judge denied Eaves' motion.  (B49).  According to the judge, Eaves had been told that the sentencing recommendation by the parties did not bind the judge.  Moreover, Eaves had been told that his maximum sentencing exposure was life imprisonment.

The decision of the Superior Court can be affirmed, albeit on grounds other than those articulated by the court.  *See generally Unitrin, Inc. v. American General Corp.*, 651 A.2d 1361, 1390 (Del. 1995).  Eaves' conviction became final on July 8, 2002, after the time period had passed in which he could file a direct appeal.  *See generally Jackson v. State*, 654 A.2d 829 (Del. 1995); Super. Ct. Crim. R. 61(m)(1).  By operation of Criminal Rule 61(i)(1), Eaves' post-conviction motion thus had to be filed by July 8, 2005.  The motion filed on July 27, 2005 was thus clearly untimely under Rule 61(i)(1), and it was accordingly

---

[1]Super. Ct. Crim. R. 61(d)(3).

barred by the rule.  *E.g., Younger v. State*, 580 A.2d 552, 554
(Del. 1990).

In turn, there was no basis for Superior Court to consider
Eaves' allegations under Criminal Rule 61(i)(5).  On the guilty
plea form, Eaves indicated that he had not been promised what his
sentence would be and, more generally, that he had not been
promised anything not contained within the plea agreement.
(B34).  He similarly told the judge that during the plea
colloquy.  (B37).  In the absence of clear and convincing
evidence otherwise, Eaves was bound by his statements on the plea
form and during the plea colloquy.  *Somerville v. State*, 703 A.2d
629, 632 (Del. 1997).  Eaves' allegations otherwise in his motion
did not require a different result.  Eaves waited three years
before challenging his sentence and guilty plea, and that long
delay in the presentation of the claim has a substantial impact
on Eaves' credibility.  *United States ex rel. Darrah v. Brierley*,
415 F.2d 9, 12-13 (3d Cir. 1969); *Allen v. State*, 509 A.2d 87, 89
(Del. 1986).

Eaves, in any event, misapprehended the nature of his plea
agreement.  Despite his repeated reference to Criminal Rule
11(e)(1)(C), that rule had been repealed in July 2001, several
months before Eaves entered his guilty plea.  Rule 11(e)(1)(C)
thus had no application to Eaves' case.  *Cf. Martin v. State*,
1995 WL 264521, order at ¶5 (Del. Apr. 28, 1995) (Ex. A) (rule
not applicable to guilty plea entered before effective date of
rule).  Eaves' plea agreement was thus entered under Rule

6

11(e)(1)(B). *See Jamison v. State*, 2003 WL 21295908, order at ¶7 (Del. June 3, 2003) (Ex. B); *Martin*, order at ¶5. Under well-settled state law, the prosecution's sentencing recommendation therefore was not binding upon the judge. *E.g., Selby v. State*, 2004 WL 65330, order at ¶3 (Del. Jan. 12, 2004) (Ex. C); *Martin*, order at ¶5. Because Eaves' complaints about the prosecutor, the judge, and defense counsel all turn on his "erroneous assumption that the plea agreement was subject to withdrawal at sentencing,"[2] there was no basis for Superior Court to consider Eaves' claims under Rule 61(i)(5). *See Martin*, order at ¶¶6, 7, 9. It thus follows that Superior Court correctly denied Eaves' motion, and the court's decision can be affirmed on the basis that Eaves' motion was procedurally barred.

---

[2] *Martin*, order at ¶6.

## CONCLUSION

The judgment of the Superior Court should be affirmed.


Loren C. Meyers
Chief of Appeals Division
Del. Bar ID 2210
Department of Justice
820 N. French St.
Wilmington, DE  19801
(302) 577-8500

April 26, 2006

Westlaw.

660 A.2d 394                                                                        Page 1

660 A.2d 394, 1995 WL 264521 (Del.Supr.)
**(Cite as: 660 A.2d 394)**

(The decision of the Court is referenced in the
Atlantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
Dean MARTIN, a/k/a Aaron Martin, Defendant
Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 381, 1994.**

Submitted: April 11, 1995.
Decided: April 28, 1995.

Court Below: Superior Court of the State of
Delaware, in and for New Castle County: Cr.A.
Nos. IN90-07-0048 and 0056.
Superior Court, New Castle County

AFFIRMED.

Before VEASEY, C. J., WALSH and HARTNETT,
JJ.

**ORDER**

HARTNETT, Justice.
**\*1** This 28th day of April, 1995, upon consideration
of the Opening Brief and Appendix filed by Dean
Martin the Appellant and the Answering Brief and
Appendix filed by the State of Delaware, it appears
to this Court that:

1) This appeal is without merit and the decision of
the Superior Court must be affirmed.

2) On September 24, 1991, Dean Martin, a/k/a
Aaron Martin ("Martin"), in the Superior Court,
pled no contest to charges of First Degree Robbery
and Second Degree Conspiracy. In the plea
agreement, the State Robbery and Second Degree
Conspiracy. In the plea agreement, the State agreed

to recommend that a pre-sentence report be
prepared and a sentence of four years incarceration
(at Level V) be imposed. Martin agreed to be
sentenced under the Truth in Sentencing Act, to
make restitution and to have no future contact with
the victim. On January 3, 1992, Martin was
sentenced to a total of six years incarceration,
followed by reducing levels of supervision.

3) Two and one-half years after he was sentenced,
Martin filed, in the Superior Court, a
post-conviction motion pursuant to Super. Crim. Ct.
R. 61. The motion alleged that his counsel had
been ineffective in not seeking to have the Court
enforce the plea agreement. He also asserted that
the prosecutor and the trial judge violated the plea
agreement.

4) The Superior Court found that all three of
Martin's claims were based on his erroneous
assumption that the plea agreement was entered
pursuant to Super. Ct. Crim. R. 11(e)(1)(c).
Because Rule 11(e)(1)(c) did not take effect until
January 1, 1992, several months after Martin had
entered his guilty plea, the Superior Court correctly
found Martin's motion to be without merit and
dismissed it. This appeal followed.

5) As a general rule, the State's agreement to
recommend a specific sentence is not binding on the
sentencing judge. *Cassidy v. State,* Del. Supr., No.
286, 1989, Moore, J. (Aug. 8, 1989) (ORDER).
Under Super. Ct. Crim. R. 11(e)(1)(c), that became
effective on January 1, 1992, parties may "[a]gree
that a specific sentence is the appropriate
disposition of the case." Although such an
agreement does not bind the sentencing judge, if the
court rejects the agreed-upon sentence, the
defendant at sentencing has "the opportunity to then
withdraw the plea." Martin, however, entered his
guilty plea several months before this Rule took
effect. Therefore, Martin's reliance upon Super. Ct.
Crim. R. 11(e)(1)(c) is misplaced.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. A

660 A.2d 394                                                                                                   Page 2

660 A.2d 394, 1995 WL 264521 (Del.Supr.)
**(Cite as: 660 A.2d 394)**

6) Martin's erroneous assumption that the plea agreement was subject to withdrawal at sentencing is the only basis for his allegations of improper action by the prosecutor and the sentencing judge. These allegations were properly rejected by the Superior Court. In addition, Martin's failure to raise in his brief any challenge to the Superior Court's decision that Super. Ct. Crim. R. 11(e)(1)(c) did not apply because it was adopted after Martin entered his guilty plea which constituted a waiver of that claim. *Jackson v. State,* Del. Supr., 643 A.2d 1360, 1367 n. 5 (1994); *Murphy v. State,* Del. Supr., 632 A.2d 1150, 1152 (1993).

*\*2* 7) Martin's claim that his trial counsel was ineffective because the "lawyer knew or should have known that the plea agreement was legal and binding," and that when the State at the sentencing " failed to uphold the 4 year sentence at Level V ... defendant should have been counseled by [his attorney] to refuse any plea arrangements or offers and [seek] trial by a Jury." Petitioner's Opening Brief at 5. The Superior Court properly rejected this argument as being based on the erroneous assumption that Superior Court Crim. R. 11(e)(1)(c) applied to Martin.

8) We also note Martin's handwritten responses on the Truth In Sentencing Guilty Plea Form, indicating that he was aware that no one had promised what his sentence would be. Martin is bound by those responses. *Blanchfield v. State,* Del. Supr., No. 97, 1994, Veasey, C.J. (Oct. 18, 1994) (ORDER); *Mapp v. State,* Del. Supr., No. 3, 1994, Holland, J. (May 17, 1994) (ORDER).

9) Martin's claim of ineffective assistance of counsel must also fail unless he can show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) that there exists "a reasonable probability that, but for counsel's errors, [Martin] would not have plead guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 57, 59 (1985); *Strickland v. Washington,* 466 U.S. 668, 687-88, 694 (1984). This Court has consistently held that in claiming ineffective assistance of counsel, a defendant must make concrete and specific allegations showing unreasonable conduct of his attorney that results in prejudice to the defendant. *Skinner v. State,* Del. Supr., No. 318, 1993, Holland, J. (March 3, 1993) (ORDER). *Wright v. State,* Del. Supr., No. 400, 1991, Walsh, J. (Feb. 20, 1992) (ORDER). Martin's argument fails both prongs of the *Strickland* test. First, there is no showing that Martin's counsel's conduct fell below the objective standard of reasonableness. Contrary to Martin's argument, the plea agreement was not binding on the Court, and was not entered into under Super. Ct. Crim. R. 11(e)(1)(c). Martin's assertions that counsel failed adequately to advise him on the ramifications of his plea are purely conclusory, and are contradicted by Martin's handwritten responses on his guilty plea form. Second, there is no evidence that, but for defense counsel's purported unprofessional errors, Martin would have sought a trial. *Gargano v. United States,* 852 F.2d 886, 891 (7th Cir. 1988) ("mere allegations by a defendant that he would have pleaded differently and insisted on going to trial are insufficient to establish prejudice"); *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988) (" Although it carries some probative value, such a statement [that the defendant would have gone to trial] suffers from obvious credibility problems and must be evaluated in light of the circumstances the defendant would have faced at the time of his decision."). In addition, Martin has not suggested that there was even a chance of a different result. *United States v. Nino,* 878 F.2d 101, 105 (3d Cir. 1989) (petitioner must show that if he had gone to trial, there was a reasonable probability that the outcome of the proceeding would have been different.)

*\*3* 10) We, therefore, hold that the Superior Court did not err in dismissing Martin's motion for post-conviction relief.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.

Del.,1995.
Martin v. State
660 A.2d 394, 1995 WL 264521 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

825 A.2d 238                                                                    Page 1

825 A.2d 238, 2003 WL 21295908 (Del.Supr.)
**(Cite as: 825 A.2d 238)**

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Sean M. JAMISON, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 440,2002.**

Submitted April 25, 2003.
Decided June 3, 2003.

Defendant moved to withdraw plea of guilty to first-degree felony murder, possession of a firearm during the commission of a felony, four counts of first-degree robbery, two counts of first-degree assault, first-degree burglary, second-degree assault, first-degree and second-degree conspiracy, and possession of a deadly weapon by a person prohibited. The Superior Court, New Castle County, denied motion. Defendant appealed. The Supreme Court, Myron T. Steele, J., held that: (1) allegation that guilty plea was involuntary due to Superior Court error in deviating from sentencing guidelines was barred; (2) defendant failed to establish that guilty plea was involuntary due to ineffective assistance of trial counsel; and (3) defendant failed to establish that he was prejudiced by any alleged deficient performance by defense counsel.

Affirmed.

West Headnotes

**[1] Criminal Law 110 €═1130(5)**

110 Criminal Law
    110XXIV Review
        110XXIV(I) Briefs
            110k1130 In General
                110k1130(5) k. Points and Authorities.
Most Cited Cases

Defendant's allegation that his guilty plea was involuntary due to Superior Court error in deviating from sentencing guidelines was barred, where defendant's opening brief asserted no cause for why he did not raise claim on direct appeal, nor did he assert a colorable claim of a miscarriage of justice. Sup.Ct.Crim.R., Rule 61(i)(3).

**[2] Criminal Law 110 €═641.13(5)**

110 Criminal Law
    110XX Trial
        110XX(B) Course and Conduct of Trial in General
            110k641 Counsel for Accused
                110k641.13 Adequacy of Representation
                    110k641.13(2) Particular Cases and Problems
                        110k641.13(5) k. Pretrial Proceedings; Sanity Hearing. Most Cited Cases
Defendant failed to establish that guilty plea was involuntary due to ineffective assistance of trial counsel, where plea agreement reflected that the agreement was not an agreed-to sentence, and defendant acknowledged during his guilty plea colloquy that he understood the maximum penalties for the offenses to which he was pleading guilty. U.S.C.A. Const.Amend. 6.

**[3] Criminal Law 110 €═641.13(5)**

110 Criminal Law
    110XX Trial
        110XX(B) Course and Conduct of Trial in General
            110k641 Counsel for Accused
                110k641.13 Adequacy of Representation
                    110k641.13(2) Particular Cases and Problems
                        110k641.13(5) k. Pretrial Proceedings; Sanity Hearing. Most Cited Cases
Defendant failed to establish that he was prejudiced

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Ex. B*

825 A.2d 238

825 A.2d 238, 2003 WL 21295908 (Del.Supr.)
**(Cite as: 825 A.2d 238)**

by any alleged deficient performance by defense counsel, although he alleged that he would have continued with his capital murder trial rather than plead guilty if he had understood that he could be sentenced to life plus 152 years in prison, instead of the State's recommendation of life plus 22 years and nine months in prison, given that defendant's decision to plead guilty three days into his capital murder trial in exchange for the State's recommendation of a life sentence provided him with a clear benefit. U.S.C.A. Const.Amend. 6.

Court Below-Superior Court of the State of Delaware, in and for New Castle County, Cr.A. Nos. IN99-12-1082 thru -1091 and IN00-02-1457 thru -1459.

Before VEASEY, Chief Justice, BERGER, and STEELE, Justices.

*ORDER*

**\*1** This 3rd day of June 2003, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The defendant-appellant, Sean Jamison, filed this appeal from the Superior Court's order denying his motion to withdraw his guilty plea. Jamison essentially contends that his guilty plea was involuntary because: (i) the Superior Court failed to inform him that it could deviate from the sentencing guidelines; and (ii) he was never informed that the Superior Court could sentence him to more time than the State recommended in the plea agreement. We find no merit to Jamison's arguments. Accordingly, we affirm the Superior Court's judgment.

(2) Jamison was arrested in November 1999 and charged with first degree intentional murder, first degree felony murder, four counts of first degree robbery, and related weapons, assault, burglary, and conspiracy charges. In October 2000, three days into his capital murder trial, Jamison pled guilty to first degree felony murder, possession of a firearm during the commission of a felony, four counts of first degree robbery, two counts of first degree

assault, first degree burglary, second degree assault, first and second degree conspiracy, and possession of a deadly weapon by a person prohibited. In exchange for his guilty plea, the State agreed to dismiss the intentional murder charge and to recommend a life sentence on the felony murder charge, minimum mandatory sentences on the weapons and robbery charges, and sentences consistent with SENTAC guidelines on the remaining charges.

> FN1. Although the plea agreement did not sum up the individual sentences, the State's total recommended sentence equaled life plus 22 years and nine months in prison, followed by one year of probation. The total maximum prison sentence allowable under Delaware law was life plus 153 years, although the plea agreement inaccurately reflected life plus 163 years.

(3) On November 11, 2000, the Superior Court sentenced Jamison on the felony murder conviction to life in prison without the benefit of probation, parole, or any other sentence reduction, plus a total period of 152 years in prison on the remaining charges. Jamison did not file a direct appeal from his convictions and sentences. Instead, in September 2001, Jamison filed a motion to withdraw his guilty plea, which the Superior Court denied in July 2002.

(4) Following the imposition of sentence, a motion to withdraw a guilty plea constitutes a collateral attack on the conviction. Thus, following sentencing, a motion to withdraw a guilty plea must be filed in compliance with, and is subject to the procedural requirements of, Superior Court Criminal Rule 61. Rule 61(i) provides that the any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is thereafter barred unless the petitioner can establish cause for the default and prejudice, or there is a colorable claim of a miscarriage of justice due to a constitutional violation.

> FN2. *Blackwell v. State,* 736 A.2d 971,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

825 A.2d 238                                                                                                    Page 3

825 A.2d 238, 2003 WL 21295908 (Del.Supr.)
**(Cite as: 825 A.2d 238)**

972-73 (Del.1999).

FN3. Del.Super. Ct.Crim. R. 32(d) (after sentencing, "a plea may be set aside only by motion under Rule 61").

FN4. Del.Super. Ct.Crim. R. 61(i)(3).

FN5. *Id.* 61(i)(5).

(5) Under the circumstances of Jamison's case, the SENTAC sentencing guidelines recommended a sentence of life plus 22 years and nine months in prison, which was consistent with the State's recommendation. The Superior Court sentenced Jamison to life plus 152 years in prison. Jamison alleges that his guilty plea was involuntary because he was never informed that the Superior Court could deviate from the SENTAC guidelines and because he was never informed that the Superior Court could deviate from the State's recommendation in the plea agreement.

**\*2** [1] (6) To the extent he alleges that his guilty plea was involuntary due to Superior Court error, Jamison's opening brief asserts no cause for why he did not raise these claims on direct appeal, nor does he assert a colorable claim of a miscarriage of justice. Accordingly, we conclude that Jamison's allegations of court error are barred by Rule 61(i)(3).

[2] (7) To the extent he alleges that his guilty plea was involuntary due to the ineffective assistance of his trial counsel, Jamison has failed to satisfy his burden of proof. In the context of a guilty plea, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that, but for his counsel's deficient performance, he would not have pled guilty but would have insisted on going to trial. Jamison's conclusory allegations fail to satisfy either prong of this standard. Jamison's plea agreement reflected that the agreement was not an agreed-to sentence under Superior Court Criminal Rule 11(e)(1)(C) and that nobody had promised Jamison what his sentence would be. Jamison further acknowledged during his guilty plea colloquy that he understood the maximum penalties for the offenses to which he was

pleading guilty. In the absence of clear and convincing evidence to the contrary, Jamison is bound by these representations. In light of this record, we find no support for Jamison's assertion that his counsel's performance was constitutionally deficient.

FN6. *MacDonald v. State,* 778 A.2d 1064, 1074-75 (Del.2001).

FN7. At the time of his guilty plea, Superior Court Criminal Rule 11(e)(1)(C) allowed the State and a defendant to enter into a binding agreement regarding a defendant's sentence. If the agreement was not accepted by the Superior Court, then the defendant was permitted to withdraw the plea and proceed to trial. Rule 11(e)(1)(C) was repealed effective July 1, 2001.

FN8. *Somerville v. State,* 703 A.2d 629, 632 (Del.1997).

[3] (8) Moreover, we find no support for Jamison's contention that he would have continued with his capital murder trial rather than plead guilty if he had understood that he could be sentenced to life plus 152 years in prison, instead of the State's recommendation of life plus 22 years and nine months in prison. Jamison's decision to plead guilty three days into his capital murder trial in exchange for the State's recommendation of a life sentence provided Jamison with a clear benefit. Jamison acknowledged during his plea colloquy that he was guilty of the offenses, that he understood his plea agreement would result in him spending the rest of his life in prison, and that he was satisfied with his counsel's representation. In light of this record, we find Jamison's present allegations of prejudice to be unsubstantiated.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

Del.Supr.,2003.
Jamison v. State
825 A.2d 238, 2003 WL 21295908 (Del.Supr.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## Westlaw.

840 A.2d 642                                                                                         Page 1

840 A.2d 642, 2004 WL 65330 (Del.Supr.)
**(Cite as: 840 A.2d 642)**

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.
Joseph SELBY, Defendant Below-Appellant,
v.
STATE of Delaware, Plaintiff Below-Appellee.
**No. 376,2003.**

Submitted Dec. 4, 2003.
Decided Jan. 12, 2004.

Court Below-Superior Court of the State of Delaware, in and for New Castle County, Cr.A. Nos. IN00-06-0939 and -0941.

Before VEASEY, Chief Justice, BERGER, and JACOBS, Justices.

### ORDER

*1 This 12th day of January 2004, upon consideration of the opening brief and the State's motion to affirm, it appears to the Court that:

(1) Joseph Selby filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Selby's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Selby pleaded guilty in 2001 to second degree assault and possession of a deadly weapon during the commission of a felony. The guilty plea agreement and the transcript of the guilty plea colloquy reflect that, in exchange for Selby's plea, the State agreed not to file an habitual offender motion and to recommend a sentence of five years in prison. At his sentencing in September 2001, the State submitted its recommendation of

five years in prison. The Superior Court, however, rejected that recommendation and sentenced Selby to ten years imprisonment to be suspended after six years for four years of probation. In June 2003, Selby moved for correction of sentence, alleging that his sentence was inconsistent with the terms of his plea agreement. The Superior Court summarily denied Selby's motion on the ground that it was not bound by the State's sentencing recommendation.

(3) After careful consideration, we find it manifest that the judgment of the Superior Court must be affirmed. The record in this case, including Selby's plea agreement, the guilty plea colloquy and the sentencing hearing transcript, unequivocally reflects Selby's understanding that the Superior Court was not bound by the State's sentencing recommendation and that the sentencing judge could impose more than five years imprisonment. Accordingly, there was no factual basis to correct Selby's legally imposed sentence, and we find no error in the Superior Court's denial of Selby's motion for correction of sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

Del.Supr.,2004.
Selby v. State
840 A.2d 642, 2004 WL 65330 (Del.Supr.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EX. C

**CERTIFICATE OF SERVICE**

The undersigned, being a member of the Bar of the Supreme Court of Delaware, hereby certifies that on April 26, 2006, he caused two copies of the attached document to be placed in the U.S. Mail, first class postage prepaid, addressed to the following:

James Eaves
No. 306218
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Loren C. Meyers
Chief of Appeals Division
Dept. of Justice