IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES EAVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-531-SLR |
| | ) | |
| ELIZABETH BURRIS, Acting Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | ) ) ) ) ) | |
| | ) | |
| Respondents.[1] | ) | |

James Eaves. Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

### MEMORANDUM OPINION[2]

January 8, 2008
Wilmington, Delaware

---

[1] Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case, and Acting Warden Elizabeth Burris assumed office in September 2007, replacing former Warden Thomas Carroll, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

[2] This case was originally assigned to the Vacant Judgeship and re-assigned to the undersigned on January 8, 2008.

**ROBINSON, Judge**

## I. INTRODUCTION

Currently before the court is petitioner James Eaves' ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2001, petitioner was indicted and charged with one count of murder by abuse or neglect in the first degree for the death of two-year old Elijah Johnson and one count of second degree assault of one-year old Lance Leatherberry. Petitioner was the boyfriend of the children's mother and committed these offenses while babysitting the children in the mother's 20 minute absence. (D.I. 16, State's Answering Br. in Eaves v. State, No.22, 2006, at p.3)

In March 2002, petitioner agreed to plead guilty to the homicide charge, in exchange for which the State agreed to dismiss the assault charge. The State also agreed with the defense that a 20 year sentence would be appropriate, and that recommendation was clearly stated in the plea agreement. (D.I. 16, Plea Agreement, signed Mar. 20, 2002)

Petitioner entered a guilty plea in the Delaware Superior Court on March 20, 2002 to first degree murder by abuse or neglect. During the plea colloquy, the Superior Court judge explicitly stated that, although the parties may agree on a sentence, it is ultimately up to the court to decide. Defense counsel also stated that he had explained to petitioner that the judge had the final authority to sentence him between the minimum

sentence of 15 years imprisonment and the maximum sentence of life imprisonment.[3] (D.I. 16, Plea Hearing Transcript dated Mar. 20, 2002) On June 7, 2002, the Superior Court sentenced petitioner to 40 years imprisonment, suspended after 30 years imprisonment for 10 years of probation. See generally (D.I. 16)

Petitioner did not appeal his conviction or sentence. Rather, on August 19, 2002, petitioner a motion for modification of sentence pursuant to Superior Court Criminal Rule 35, which the Superior Court denied on September 4, 2002. Petitioner filed a second Rule 35 motion for modification of sentence on March 11, 2003, which the Superior Court denied on April 17, 2003. Petitioner then filed a third Rule 35 motion for modification of sentence on April 24, 2003. The Superior Court denied that motion on December 28, 2005 as untimely and repetitive. Id.

Petitioner also filed a motion for post-conviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61 motion") on July 27, 2005, alleging that he was unaware of the maximum penalty he faced when he pled guilty and that counsel provided ineffective assistance by failing to object to the sentence. Id. The Superior Court summarily denied the Rule 61 motion as meritless in a letter order on December 28, 2005. Id. On post-conviction appeal, the Delaware Supreme Court affirmed the Superior Court's decision on the alternative ground that the motion was time-barred under Rule 61(i)(1). Eaves v. State, 903 A.2d 322 (Table), 2006 WL 1911098 (Del. July

---

[3]The transcript of the plea colloquy shows that counsel mistakenly stated 20 years imprisonment as the minimum sentence. However, the judge corrected that misstatement and explicitly said that the minimum sentence was 15 years. Additionally, the plea agreement explicitly asserts the minimum sentence to be 15 years of imprisonment

2

26, 2006).

Petitioner filed the pending § 2254 application in August 2006. In the application, petitioner asserts that the trial judge violated the plea agreement by sentencing him to 30 years imprisonment rather than the 20 year sentence recommended in the plea agreement. Petitioner also contends that counsel provided ineffective assistance by failing to object to the 30 year sentence, by failing to withdraw petitioner's guilty plea, by coercing petitioner into pleading guilty, and by failing to advise petitioner of his right to appeal and apply for state post-conviction relief. (D.I. 1)

The State contends that the court should dismiss the application in its entirety for being time-barred. (D.I. 14)

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated August 28, 2006, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced petitioner on June 7, 2002, and he did not appeal. Therefore, petitioner's conviction became final on July 8, 2002.[4] See Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by July 8, 2003. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

---

[4]Because the last day of the appeal period actually fell on Sunday, July 7, 2002, the appeal period extends through Monday, July 8, 2002. Del. Supr. Ct. R. 11(a).

4

Petitioner filed his habeas application on August 28, 2006,[5] more than three years after the expiration of the limitations period. Thus, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

**B. Statutory Tolling**

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000).

Here, the Delaware Supreme Court held that petitioner's Rule 61 motion was time-barred under Rule 61(i)(1). Therefore, the Rule 61 motion has no tolling effect because it was not "properly filed" for statutory tolling purposes under § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

The court must next consider whether petitioner's three motions for modification

---

[5] Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Petitioner's application is dated August 28, 2006 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

of sentence filed pursuant to Delaware Superior Court Criminal Rule 35 have any statutory tolling effect. To a certain extent, the court's conclusion depends on whether these motions were filed pursuant to Rule 35(a) or Rule 35(b). As explained by the Third Circuit,

> [u]nlike Delaware Superior Court Criminal Rule 35(a), which allows a court to correct an illegal sentence, and Rule 61, which governs the procedures by which a person can challenge a judgment on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack, Rule 35(b) allows for a reduction of sentence without regard to the existence of a legal defect. A Rule 35(b) motion is a plea for leniency, directed toward the sentencing court, which seeks discretionary relief based on mercy and grace, rather than on the law.

Hartmann v. Carroll, 492 F.3d 478, 481 (3d Cir. 2007)(internal citations omitted). However, acknowledging the requirement to construe pro se filings liberally, the Third Circuit also noted the possibility that a pro se prisoner "might file what is ostensibly a motion under Rule 35(b) and yet intend to seek relief other than discretionary leniency." Id. at 482 n.8. Thus, rather than rely on the titles attached to the motions by petitioner, the court must determine whether petitioner's Rule 35 motions sought discretionary mercy under Rule 35(b) (which would not toll the limitations period), or whether his Rule 35 motions challenged the lawfulness of the sentence under Rule 35(a) (which would toll the limitations period).

The State contends that all three motions were filed pursuant to Rule 35(b). The record, however, does not clearly support that contention. For example, the record does not contain all three Rule 35 motions filed by petitioner, and the Superior Court Criminal Docket only refers to the motions as "motions for modification of sentence"

without any indication as to whether they were filed under Rule 35(a) or Rule 35(b).[6] Additionally, the record only contains the Superior Court's form orders denying petitioner's first and third Rule 35 motions, and those orders do not clearly indicate the type of relief sought.[7]

Given this uncertainty, the court would normally require the State to provide more documentation regarding the three Rule 35 motions in order to determine whether the motions sought discretionary mercy or challenged the lawfulness of petitioner's sentence. However, as explained below, the court finds that petitioner's § 2254 application is untimely even if all three Rule 35 motions toll the limitations period. Therefore, the court will proceed with its review of petitioner's application and treat all three Rule 35 motions as Rule 35(a) motions which trigger the statutory tolling provision of § 2244(d)(2).

Petitioner filed his first Rule 35(a) motion on August 19, 2002. The Superior Court denied the motion, and he did not appeal that decision. Therefore, the limitations

---

[6]The record does contain two pages of a document titled "Motion to Attack Illegal Sentence Pursuant to Super. Ct., Crim. Rule 35(a)." See (D.I. 16, Appellant's Op. Br. in Eaves v. State, No. 022, 2006, dated Mar. 23, 2006, at ex. A-5). The document clearly alleges that petitioner's 30 year sentence is illegal and unconstitutional because it violates the plea bargain agreement. Id. The numbering and placement of this exhibit in petitioner's post-conviction appellate brief indicates that this Rule 35(a) motion was the motion petitioner filed on April 24, 2003. However, the form order issued by the Superior Court denying the third Rule 35 motion indicates that the state court interpreted the motion as filed pursuant to Rule 35(b) and, in his application, petitioner refers to his third Rule 35 motion as a Rule 35(b) motion.

[7]The form order issued by the Superior Court denying the third Rule 35 motion indicates that the state court interpreted the motion as filed pursuant to Rule 35(b). In contrast, the form order issued by the Superior Court denying the petitioner's first Rule 35 motion indicates that the state court interpreted the motion as being filed pursuant to Rule 35(a). See generally (D.I. 16)

7

period is tolled from August 19, 2002, when the motion was filed, through October 7, 2002, when the time for petitioner to appeal the Superior Court's denial of the Rule 35(a) motion expired.

When petitioner filed his first Rule 35(a) motion, 41 days of the one-year limitations period had already expired. The limitations period started to run again on October 8, 2002, and continued to run for another 223 days without interruption until petitioner filed his second Rule 35(a) motion on March 11, 2003. The Superior Court denied petitioner's second Rule 35(a) motion on April 17, 2003, and he did not appeal that decision. Therefore, petitioner's second Rule 35(a) motion tolls the limitations period from March 1, 2003, through May 19, 2003.[8]

However, before the 30 day appeal period for his second Rule 35(a) motion expired, petitioner filed his third Rule 35(a) motion on April 24, 2003. The Superior Court did not deny the third Rule 35(a) motion until December 28, 2005, and petitioner did not appeal that decision. Thus, petitioner's second and third Rule 35(a) motions toll the limitations period from March 1, 2003 through January 27, 2006.

When petitioner filed his second Rule 35(a) motion on March 1, 2003, a total of 264 days of the limitations had expired. The limitations clock started to run again on January 28, 2006, and ran without interruption until it expired on May 8, 2006. Hence, statutory tolling does not render petitioner's application timely.

---

[8]Because the last day of the appeal period actually fell on Saturday, May 17, 2003, the appeal period extends through Monday, May 19, 2003. Del. Supr. Ct. R. 11(a).

8

### C. Equitable Tolling

The court may toll AEDPA's limitations period for equitable reasons if petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling may be warranted:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, equitable tolling will only be warranted if petitioner demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller v. New Jersey State Dept. of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).

In this case, petitioner does not contend, and the court cannot discern, that any extraordinary circumstances prevented him from timely filing the instant habeas application. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. (D.I. 1 at p. 14, ¶ 18); See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Accordingly, the court concludes that equitable tolling is not warranted, and the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28

10

U.S.C. § 2254 is denied. An appropriate order shall issue.